IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Combustion Engineering, Inc., | ) | Case No. 03-10495 (JKF) |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING
AND AUTHORIZING THE APPOINTMENT OF DAVID AUSTERN
<u>AS THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS</u>**

The above-captioned debtor and debtor in possession (the "Debtor") submits this motion (the "Motion") seeking entry of an order appointing David Austern, *nunc pro tunc* to the Petition Date (as defined below), as the legal representative for the future asbestos claimants of the Debtor (the "Future Claimants' Representative"), pursuant to sections 105(a), 524(g) and 1109(b) of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). In support of this Motion, the Debtor respectfully states as follows:[1]

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105, 524(g) and 1109(b).

---

[1] The facts and circumstances supporting this Motion are set forth in the Affidavit of John Brett in Support of First Day Motions and the Declaration of David Austern filed contemporaneously herewith.

15252-001\DOCS_DE:64727.1

**Background**

2. On February 17, 2003 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its properties as a debtor in possession.

3. The Debtor is a Delaware corporation with its principal place of business in Windsor, Connecticut.

4. The Debtor currently holds title to two parcels of real estate and leases its real property located in Windsor, Connecticut. The Debtor also has environmental remediation responsibilities from its previous business activities. The Debtor is currently a defendant in numerous asbestos litigations that allege liability for asbestos-related personal injuries arising out of the Debtor's previous business activities.

**Relief Requested**

5. One of the key elements necessary to maximize the recovery of creditors in any plan of reorganization in this chapter 11 case will be a channeling injunction pursuant to which all current and future asbestos-related claims involving the Debtor will be channeled to a trust for processing and payment.

6. To properly establish such a trust, the interests of all current and future asbestos-related claimants must be assessed and accommodated. Current claimants are claimants who have a cognizable claim against the Debtor during the proceedings leading to the

confirmation of a plan of reorganization. The interests of current asbestos-related claimants will be protected by, among other things, the official Asbestos Claimants' Committee and the right of each individual claimant to file a proof of claim and appear and be heard in the case.

7. Future claimants are persons that do not currently have an asbestos-related claim against the Debtor, but may in the future have such a claim (the "Future Claimants"). Pursuant to section 524(g) of the Bankruptcy Code, the rights of such Future Claimants are termed "Demands." See 11 U.S.C. § 524(g)(5). Pursuant to section 524(g), the interests of Future Claimants with respect to their asbestos-related Demands are to be protected by the appointment of a futures representative. In particular, pursuant to section 524(g)(4)(B)(i), a futures representative has the responsibility of acting as a "legal representative for the purpose of protecting the rights of persons that might subsequently assert [D]emands." 11 U.S.C. § 524(g)(4)(B)(i).

8. In order to satisfy the statutory requirements of section 524(g), as well as due process requirements, the Debtor seeks, by this Motion, the appointment of a futures representative to protect the rights of Future Claimants.

9. After considering the qualifications of various candidates, the Debtor has determined to recommend David Austern to the Court as the most qualified candidate to serve as the futures representative (the "Future Claimants' Representative") in this chapter 11 case.

### The Need For Appointment Of A Future Claimants' Representative

10. The Debtor is aware that potential conflicts exist between the interests of the Future Claimants and those asbestos claimants who currently have claims against the Debtor's estate. These conflicts are the reason for the Debtor's request that an independent legal representative be appointed to represent the interests of the Future Claimants and to ensure that those interests are protected. Moreover, because the identities of Future Claimants are currently unknowable, a Future Claimants' Representative is necessary to act as a fiduciary to protect those claimants' interests with regard to the treatment of asbestos claims and Demands.

11. As noted above, key elements of any plan of reorganization in this chapter 11 case will be the creation of a trust to pay both current asbestos claims and future asbestos Demands, and the entry of an injunction channeling all such claims and Demands to the trust. The trust will be required to deal equitably with both current asbestos claims and future asbestos Demands. Because all Demands will be channeled to the trust, the interests of Future Claimants must be represented throughout the reorganization process. Accordingly, the Court should appoint a legal representative for the purpose of protecting the rights of Future Claimants.

### Basis for Relief

12. Statutory authority supports the appointment of a Future Claimants' Representative. The term "party in interest," as used in section 1109(b) of the Bankruptcy Code, has been construed to encompass future claimants. See, e.g., In re Johns-Manville Corp., 36 B.R. 743, 748-49 (Bankr. S.D.N.Y. 1984) aff'd, 52 B.R. 940 (S.D.N.Y 1985); see also In re North American Oil & Gas, Inc., 130 B.R. 473, 479 (Bankr. W.D. Tex. 1990). The Future

Claimants are parties in interest in this chapter 11 case because their rights to payment will be affected by these proceedings. Moreover, the Court's equitable powers under section 105(a) of the Bankruptcy Code include the power to provide for the representation of the Future Claimants. See, e.g., In re UNR Indus., Inc., 46 B.R. 671, 675 (Bankr. N.D. Ill. 1985).

13. At the request of debtors, creditors, and United States Trustees, bankruptcy courts in numerous jurisdictions have utilized sections 1109(b) and 105(a) of the Bankruptcy Code to appoint representatives for future asbestos or other mass tort claimants. Specifically, futures representatives for future claimants have been appointed in, *inter alia*, the chapter 11 cases of Federal-Mogul Global Inc., T&N Limited, et al., Fuller-Austin Insulation Co., Amatex Corp., UNR Indus., Inc., Johns-Manville Corp., Forty-Eight Insulations, Inc., Eagle-Picher Industries, Inc., Pacor, Inc., Nicolet, Inc., Raytech Corp., National Gypsum Co., Keene Corp. and Rock Wool Manufacturing Co. See, e.g., In re Johns-Manville Corp., 36 B.R. 743, 748-49 (Bankr. S.D.N.Y. 1984), aff'd, 52 B.R. 940 (S.D.N.Y. 1985) (holding that the interests of future asbestos claimants are affected by the bankruptcy so as to entitle them to party-in-interest status and a separate representative), quoted in In re Amatex Corp., 755 F.2d 1034, 1042-43 (3d Cir. 1985) (reversing lower court's denial of debtor's application to appoint Futures Representative for future asbestos victims, concluding that future claimants are sufficiently affected by the reorganization proceedings to require a voice through their own representative, given the adverse interests of other parties), and cited in In re UNR Indus., 46 B.R. at 675 (court granted application because such claimants have a stake in the outcome of the cases entitling them to party-in-interest status); see also In re Eagle-Picher Indus., 144 B.R. 69, 71 (Bankr. S.D. Ohio

1992) ("In mass tort cases, in order to have a meaningful reorganization from which a viable entity emerges, it has come to be accepted that someone serve as a guardian, a representative of future claimants"). Drawing on the experience of cases like Manville, Amatex and UNR, Congress codified, in section 524(g)(4)(B)(i) of the Bankruptcy Code, the appointment of a legal representative for holders of Demands for any debtor seeking an injunction under section 524(g) of the Bankruptcy Code.

14. Precedent also exists outside of bankruptcy law for the appointment of a Future Claimants' Representative for the interests of unknown claimants. See, e.g., Sam Fox Pub. Co. v. U.S., 366 U.S. 683, 691 (1961) (holding that a class action judgment "will bind only those members of the class whose interests have been adequately represented"); Hatch v. Riggs Nat'l Bank, 361 F.2d 559 (D.C. Cir. 1966) (holding that the use of a guardian ad litem to represent interests of unascertainable beneficiaries was appropriate).

15. With the well-established role of a Future Claimants' Representative in mind, the Debtor sought an independent and qualified candidate, recognized for her/his knowledge of asbestos-related personal injury claims and work in the management and settlement of such claims, to act in such capacity. Accordingly, the Debtor recommends and moves that David Austern be appointed as the Future Claimants' Representative.

16. As reflected in the Declaration of David Austern (the "Austern Declaration"), attached hereto as Exhibit A, Mr. Austern is a nationally recognized leader in the management of asbestos-related personal injury claims.

17. Mr. Austern has never represented a current plaintiff, defendant or insurer in any asbestos litigation against the Debtor and has never had a relationship with, or any connection to the Debtor, other than his service as Future Claimants' Representative prior to the Petition Date, as discussed below.

18. For approximately 15 years, Mr. Austern has served as General Counsel of the Manville Personal Injury Settlement Trust (the "Manville Trust"), a trust created to process, manage, settle and pay asbestos claims against the Johns-Manville Corporation. Mr. Austern also currently serves as President and General Counsel of the Claims Resolution Management Corporation, a wholly-owned subsidiary of the Manville Trust which serves as the claims administrator for that trust and others. A copy of Mr. Austern's resume is attached hereto as Exhibit B.

19. Prior to the Petition Date, the Debtor asked Mr. Austern to serve as the Future Claimants' Representative in conjunction with the negotiations regarding the treatment to be accorded to future asbestos personal injury claimants in the Debtor's plan of reorganization. The Debtor appointed Mr. Austern to act in such role pursuant to an engagement agreement dated November 15, 2002 (the "Austern Agreement"), a copy of which is attached as Exhibit A to the Austern Declaration.

20. In connection with his appointment, Mr. Austern selected and engaged Swidler Berlin Shereff Friedman, LLP ("Swidler") to serve as his bankruptcy counsel. In turn, Swidler employed FTI Consulting and CIBC World Markets as financial consultants to assist

Swidler in advising Mr. Austern. Mr. Austern also selected and engaged Gilbert Heintz & Randolph, LLP to serve as his special insurance counsel. The Debtor agreed to pay the fees and costs of these professionals working on Mr. Austern's behalf. Mr. Austern and his professionals were actively involved in conducting due diligence with respect to the Debtor, its financial affairs, its pre-petition transactions and its proposed plan. Mr. Austern and his professionals analyzed the assets and liabilities of the Debtor and reviewed the status of the pending asbestos claims and insurance coverage issues. Mr. Austern and his counsel actively negotiated plan documents, including the terms of the trust to be created under the plan. Mr. Austern and his counsel undertook their responsibilities diligently and negotiated with the various parties in good faith.

21. To cover the fees and costs associated with this engagement, the Debtor paid Mr. Austern advance retainers in the aggregate amount of $150,000 (the "Retainer"). As of February 12, 2003, Mr. Austern had incurred fees and expenses in an aggregate amount of approximately $96,000, to which the Retainer has been applied. Mr. Austern continued to incur fees and expenses on and after February 12, 2003 to the Petition Date, to which the remaining Retainer will be applied.[2] As a result, Mr. Austern does not hold a claim against the Debtor.

22. In connection with his appointment as the Future Claimants' Representative in this bankruptcy case, Mr. Austern will carry forward the balance of the Retainer to be charged by Mr. Austern for his fees and expenses incurred after the Petition Date, subject to review and

---

[2] The precise amount of pre-Petition Date fees and expenses is still being determined and will affect the exact amount of the Retainer as of the Petition Date. Mr. Austern will file a supplemental disclosure when the precise amount of pre-Petition Date fees and expenses is known.

approval by the Court. The Debtor also proposes that Mr. Austern be compensated for his time expended as Future Claimants' Representative at a rate of $450.00 per hour, plus reimbursement of reasonable expenses and other charges incurred by Mr. Austern in connection with this case, as well as reimbursement (or payment by the Debtor directly) of fees and expenses incurred by his professionals, subject to review and approval by the Court. The terms of Mr. Austern's engagement as Future Claimant's Representative are set forth with more particularity in the Austern Agreement.

23. The Debtor also recently asked Mr. Austern to consider serving, in connection with this chapter 11 case, as the legal representative for the future asbestos claimants of Basic Incorporated ("Basic") and ABB Lummus Global, Inc. ("Lummus"), both of which are former subsidiaries and current affiliates of the Debtor. Mr. Austern has not accepted either of these appointments, but is conducting initial due diligence on each company. Mr. Austern's fees and expenses, as well as those of his professionals, for work with respect to Basic and Lummus are being paid by Basic and Lummus respectively, and not by the Debtor.[3]

24. The Debtor requests that the appointment of Mr. Austern as the Future Claimants' Representative be made on the following terms and conditions:

a. Standing - The Future Claimants' Representative shall have standing to be heard as a party-in-interest under 11 U.S.C. § 1109(b) in all matters relating to the Debtor's chapter 11 case (whether in the Bankruptcy Court or the District Court), including, but not

---

[3] Basic's obligation to pay such fees and expenses is guaranteed by Asea Brown Boveri, Inc.

limited to, participating in the claims objection, estimation and plan processes, and applying to the Court for an order seeking clarification or expansion of his authority or duties.

  b. <u>Notice</u> – The Future Claimants' Representative and counsel to the Future Claimants' Representative shall be provided with all notices which are required to be served upon the counsel to any official committees appointed in this case.

  c. <u>Engagement of Professionals</u> - Attorneys and other professionals may be retained by the Future Claimants' Representative with prior approval from the Court pursuant to sections 105(a) and 1103 of the Bankruptcy Code, consistent with the treatment afforded other professionals in this chapter 11 case and pursuant to the terms of the Austern Agreement.

  d. <u>Compensation</u> - Compensation, including professional fees and reimbursement of expenses, shall be payable to the Future Claimants' Representative and the Future Claimants' Representative's professionals from the Debtor's estate, subject to approval by the Court, consistent with the treatment afforded to other professionals in this chapter 11 case and pursuant to the terms of the Austern Agreement.

  e. <u>Removal of the Future Claimants' Representative</u> - The Future Claimants' Representative may be removed or replaced at any time by the entry of an order of this Court, either on its own motion or on a motion of any party-in-interest.

  f. <u>Liability of Future Claimants' Representative</u> - The Future Claimants' Representative shall not be liable to any person for any damages, or have any obligations other

than the duties prescribed in the order of appointment; provided, however, that nothing shall relieve the Future Claimants' Representative from liability arising out of his gross negligence, fraud or willful misconduct. The Future Claimants' Representative shall not be liable to any person as a result of any action or omission taken or made by the Future Claimants' Representative in good faith. The Debtor proposes to indemnify, defend and hold the Future Claimants' Representative harmless from any damages or costs (including reasonable attorneys' fees and other defense costs) as a result of any claims by any party against the Future Claimants' Representative arising out of or relating to the performance of his duties as the Future Claimants' Representative; provided, however, that the Future Claimants' Representative will not have such indemnification rights if a court of competent jurisdiction determines, pursuant to a final and non-appealable order, that the Future Claimants' Representative is liable upon such claim as the sole result of fraud, willful misconduct or gross negligence, consistent with the indemnification provisions of the Austern Agreement.

g. Effective Date of Appointment: The Debtor requests that Mr. Austern's appointment as Future Claimants' Representative shall be effective as of the Petition Date.

25. Because the Future Claimants' Representative would serve as a fiduciary to a distinct, albeit unknown, constituency, the Debtor requests that he be authorized to exercise the powers and duties delegated to official committees, including, but not limited to, participation in the formulation of the plan, as enumerated in section 1103 of the Bankruptcy Code. Indeed, the Future Claimants' Representatives appointed in Johns-Manville and UNR were authorized to so

participate in their respective cases. See In re Johns-Manville Corp., 52 B.R. at 943; In re UNR Indus., 46 B.R. at 676.

26. For all the foregoing reasons, the Debtor submits that the appointment of Austern as the Future Claimants' Representative upon the terms set forth herein is in the best interest of the Debtor, its estate, and all creditors and parties in interest.

### Notice

27. Notice of this Motion and the requested relief has been provided to (i) the Office of the United States Trustee and (ii) the creditors holding the twenty (20) largest claims against the Debtor. No official creditors' committees have been formed in the chapter 11 case. Accordingly, the Debtor believes that such notice of this Motion is sufficient.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order (1) authorizing the appointment of a Future Claimants' Representative; (2) appointing David Austern as such Future Claimants' Representative *nunc pro tunc* to the Petition Date upon the terms set forth herein; and (3) granting such other and further relief as the Court deems just and proper.

Dated: February 17, 2003

> KIRKPATRICK & LOCKHART LLP
> Jeffrey N. Rich (Bar No. JR 7183)
> 599 Lexington Avenue
> New York, New York 10022
> (212) 536-4907
>
> and
>
> PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
>
> /s/ Laura Davis Jones
> Laura Davis Jones (Bar No. 2436)
> Curtis A. Hehn (Bar No. 4264)
> Michael P. Migliore (Bar No. 4330)
> 919 N. Market Street, 16th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705 (Courier 19801)
> Telephone: (302) 652-4100
> Facsimile: (302) 652-4400
>
> Co-counsel for Debtor and Debtor in Possession