IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Combustion Engineering, Inc., | : | Case No. 03-10495 (JKF) |
| | : | |
| Debtor. | : | Objection Deadline: March 13, 2003 |
| | : | Hearing Date: TBD |
| | : | |
| | : | Docket Ref No. 22 |

**<u>LIMITED OBJECTION BY THE UNOFFICIAL COMMITTEE OF
SELECT ASBESTOS CLAIMANTS TO DEBTOR'S
MOTION FOR ENTRY OF AN ORDER TO APPROVING
AND AUTHORIZING THE APPOINTMENT OF
DAVID AUSTERN AS THE LEGAL REPRESENTATIVE
FOR FUTURE ASBESTOS CLAIMANTS AND REQUEST FOR
DISCOVERY PRIOR TO SUCH APPOINTMENT [Doc. Ref. No. 22]</u>**

The Unofficial Committee of Select Asbestos Claimants (the "SAC"), individuals suffering from cancers caused by exposure to asbestos and the estates of individuals whose wrongful death was caused by asbestos exposure,[1] files this Limited Objection in opposition to Combustion Engineering's ("CE" or Debtor") Request for an Order Approving and Authorizing David Austern ("Austern") as the Legal Representative for Future Asbestos Claimants ("Motion") pending discovery by the SAC necessary to enable it to take an informed position on the Motion. In support thereof, the SAC avers as follows:

1. Both the funding of the Asbestos PI Trust (for payment of future demands) and the Trust Distribution Procedures ("TDP") relating to the Asbestos PI Trust create significant questions regarding the disparate and disadvantageous treatment provided to claims to be paid from the Asbestos PI Trust as compared with claims eligible for payment from the CE Settlement Trust

898653v2

(claims asserted against CE on or before November 14, 2002).  Specifically, the Asbestos PI Trust is funded with illiquid, contingent and uncertain assets, whereas the CE Settlement Trust has been funded with cash.  Making this a potentially even more problematic circumstance is that history in asbestos bankruptcy cases has demonstrated that future claims exceed present claims by 4 to 12 times.

2.      Further compounding the plight of the holders of future claims, the TDP grandfathers for priority of payment under Section 5.2, all three payment categories of asserted, current claims under the Master Settlement Agreement ("MSA") relating to the CE Settlement Trust, and does so in a "FIFO Payment Queue."  This necessarily prioritizes for payment, ahead of future claims, the unpaid portion of current asbestos claims settled, and in certain circumstances, *deemed accepted* under the MSA and CE Settlement Trust.  By contrast, future claims are required to satisfy different and stricter claims criteria in order to qualify for distribution from the Asbestos PI Settlement Trust.

3.      Due diligence concerns are raised by the foregoing facts regarding Austern's participation, or lack thereof, in the negotiation of the plan and trust.

4.      Accordingly, the SAC believes and contends that a reasonable investigation in necessary before the SAC (and other parties in interest) can take an informed position on the Motion.  The SAC has scheduled a deposition of Austern for March 25, 2003 and is proceeding with due speed to conduct its investigation.  However, an insufficient time has been provided between the filing of this case on February 29, 2003, and this objection deadline to make an appropriate inquiry.

---

[1] Simultaneously with the filing of this Objection, the SAC has filed Statement regarding multiple representation in accordance with Bankruptcy Rule 2019.

898653v2

WHEREFORE, the Unofficial Committee of Select Asbestos Claimants, files this limited objection, and respectfully requests that the Court extend the deadline for objection to the Motion and defer ruling on thereon pending an opportunity for the SAC to conduct discovery concerning Austern's conduct and performance in connection with matters relating to the treatment of future claims in this case.

Dated: March 13, 2003

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

By: /s/ Noel C. Brunham
Noel C. Burnham, Esquire (3483)
Natalie D. Ramsey, Esquire (PA Only)
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7800
(302) 504-7820 (facsimile)

and

123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
(215) 772-7620 (facsimile)

Of Counsel

Elizabeth Wall Magner, Esquire
1100 Poydras Street
Suite 1806, Energy Centre
New Orleans, Louisiana 70163-1806
504/599-8650
504/599-8660 (facsimile)

Attorneys for the Unofficial Committee of Select Asbestos Claimants

898653v2