## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In Re: | ) ) | Chapter 11 |
| Combustion Engineering, Inc., | ) ) ) | Case No. 03-10495 |
|  | ) | Judge Judith K. Fitzgerald |
| Debtor. | ) ) | **Objection Deadline: March 13, 2003** |
|  | ) ) ) | **Hearing Date: To Be Determined** **Relates to Docket No. 22** |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING AND AUTHORIZING THE APPOINTMENT OF DAVID AUSTERN AS THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS

The Official Committee of Unsecured Creditors of Combustion Engineering, Inc. (the "Committee"),[1] by its undersigned counsel, for its Objection to the Debtor's Motion for Entry of an Order Approving and Authorizing the Appointment of David Austern as the Legal Representative for Future Asbestos Claimants (the "Motion"), states as follows:

### Background

1.   On February 17, 2003 (the "Petition Date"), Combustion Engineering, Inc. (the "Debtor") commenced a "pre-packaged" Chapter 11 case by filing a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code, together with a proposed Disclosure Statement and a Plan of Reorganization (the "Plan").

2.   The Debtor has no ongoing business operations, except environmental remediation responsibilities from prepetition business activities.

---

[1] The Committee is comprised exclusively of holders of asbestos injury claims.

WILM\171118.1

3. On February 26, 2003, the Debtor obtained an expedited schedule for a combined hearing on its Disclosure Statement, the Plan and the solicitation procedures (the "Combined Hearing").

4. The February 26, 2003 scheduling order (the "Scheduling Order") established March 13, 2003, as the deadline for filing objections to the Plan, Disclosure Statement and solicitation procedures, March 17, 2003, as the date for the pre-hearing conference on Plan issues, and April 7, 2003, as the date for the Combined Hearing.

5. On March 7, 2003, the United States Trustee appointed the Committee, consisting of seven members.

6. On March 10, 2003, the Committee filed an emergency motion seeking an extension of the deadlines established by the Scheduling Order and other court Orders (the "Scheduling Motion"). The Court has set the Scheduling Motion for hearing on March 17, 2003.

7. On March 11, 2003, the Committee retained interim counsel in order to avoid any prejudice resulting from pending objection deadlines and to protect and preserve the rights of the Committee and asbestos claimants with respect to certain pending matters.

8. One such pending matter is the Debtor's Motion seeking the appointment of David Austern ("Austern") as the Legal Representative for Future Asbestos Claimants.

### The Appointment of the Legal Representative for Future Asbestos Claimants Should be Continued, or In the Alternative, Denied

9. Among the claims to be discharged by confirmation of the Plan are those of unknown claimants commonly referred to as future claimants, i.e., persons who have yet to manifest an asbestos related disease. The "claims" of these unknown persons are referred to in § 524(g)(5) as "demands."

10. It is established law in the Third Circuit and other circuits that due process requires future claimants to be represented in the chapter 11 case. In re Amatax Corp., 755 F.2d 1034, 1041 (3d Cir. 1985).

11. To satisfy that requirement, on February 21, 2003, the Debtor filed a motion for the appointment of Austern as the future claims representative ("FCR"). March 13, 2003, the 20th day after the filing of the motion, was fixed as the last date for objecting to Austern's appointment.

12. While Austern's credentials are impressive, the Committee respectfully submits that no appointment should be made at this time. Parties in interest, and the Office of the United States Trustee in its status as ombudsman of the bankruptcy process, should have more than 20 days to determine if Austern or some other person should be appointed to discharge the fiduciary and other obligations of a FCR.

13. The representation of unknown claimants is a "thorny" question. 7 Collier on Bankruptcy ¶ 1109.07 (2002). If anything, that characterization is an understatement. The position of FCR was not contemplated by the Bankruptcy Code but had to be created to address the mass tort issues first raised in the 1980's in the Johns Manville and UNR asbestos cases. The court's attention is invited to the fact that the court selected the FCR in Johns Manville. See 52 B.R. at 940. In UNR, the United States Trustee was given an exclusive 20 day period to nominate the FCR for the court's approval after notice and a hearing. See 46 B.R. at 677.

14. We are taught that "the conduct of bankruptcy proceedings not only should be right, but they must seem right." Knapp v. Seligson (In re Ira Haupt & Co.), 361 F.2d 164, 168 (2nd Cir. 1966); see also In re Bidermann Indus. U.S.A., Inc., 203 B.R. 547 (Bankr. S.D.N.Y. 1997). A troubling issue here is that Austern has had significant connections with the Debtor since November 2002. (Motion, ¶19). To date, he has received compensation of

WILM\171118.1

$96,000 from the Debtor and holds a deposit of $54,000. (Motion, ¶21). The agreement between Austern and the Debtor provides for the Debtor to indemnify Austern. (Motion, ¶ 24(f)). Strangely, but most significantly, the agreement permits the Debtor to terminate Austern "at any time for any reason." (Motion at ¶ 24(e)).

15. The Motion properly acknowledges the conflict between the Debtor and its creditors and among the creditors in this case, i.e., between actual claims and future demands. While the Committee is willing to attribute the best of intentions to the Debtor in seeking the appointment of Austern, the process by which a party selects its adversary's counsel is subject to criticism.

16. The Committee anticipates that the Debtor will argue that having a court first select a FCR postpetition effectively precludes the use of prepackaged plans. However, not all chapter 11 cases lend themselves to prepackaged plans. It is one thing to use chapter 11 to bind the rejecting minority of an existing impaired class of claims or interests or even cramdown a rejecting class. But delegating to one person the extraordinary power to bind unknown claimants to a plan that may not actually affect such claimants for years is a far different matter. The process whereby that delegation is made should be subject to scrutiny and held to the highest standards.

17. The use of a prepackaged § 524(g) plan presents issues of first impression. The Committee could conclude that Austern's appointment is entirely appropriate. Alternatively, if a new FCR should be appointed, it may make sense for the Debtor to retain Austern to take full advantage of his past and prospective services in trying to formulate a consensual plan.

## **CONCLUSION**

18. The motion should be treated as a contested matter. Reasonable discovery of Austern's eligibility to serve as the FCR and the process he used in reaching substantive

WILM\171118.1

decisions regarding the Plan should be conducted. Parties in interest and the United States Trustee should also have the right, if they choose to do so, to propose other persons to serve as the FCR. A rush to judgment could produce irremediable error.

WHEREFORE, The Official Committee of Unsecured Creditors requests that this Court continue the hearing on the Debtor's motion to retain David Austern, or, in the alternative, deny the motion without prejudice.

Dated: March 13, 2003

DUANE MORRIS LLP

/s/ Michael R. Lastowski
Michael R. Lastowski (DE I.D.No. 3892)
Richard w. Riley (DE I.D. No. 4052)
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile:  (302) 657-4901
E-Mail: mlastowski@duanemorris
          rwriley@duanemorris.com

and

GOLDBERG, KOHN, BELL, BLACK, ROSENBLOOM & MORITZ, LTD.
Ronald Barliant
Gerald F. Munitz
Dimitri G. Karcazes
55 East Monroe, Suite 3700
Chicago, Illinois 60603
Telephone: (312) 201-4000
Facsimile: (312) 332-2196

Interim Counsel for Official Committee of Unsecured Creditors of Combustion Engineering, Inc.

WILM\171118.1