UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------X
                                          :
In re:                                    :    CHAPTER 11
                                          :
     Combustion Engineering, Inc.,        :    Case No. 03-10495 (JKF)
                                          :
                Debtor.                   :    Re: Docket No. 1924
------------------------------------------------------X
```

**MOTION TO SHORTEN NOTICE OF MOTION OF CREDITORS
WILLIAM AIRGOOD, ANTHONY DEFABBO AND ERIC TRAVERS FOR
AN ORDER AUTHORIZING THEM TO COMMENCE AND
PROSECUTE AN AVOIDANCE ACTION ON BEHALF OF THE DEBTOR**

1.      Plaintiffs, William Airgood, Anthony DeFabbo and Eric Travers ("Movants" or "Plaintiffs"), creditors with unliquidated asbestos personal injury claims against the Debtor in the above-captioned case, respectfully move this Court for an order which shortens the time for notice of their Motion for Court Authority to Commence and Prosecute an Avoidance Action on Behalf of Combustion Engineering (the "Motion to Authorize", Docket No. 1924).

2.      Under Bankruptcy L.R. 9006-1, parties must give at least eighteen days (18 days) notice of all motions served by mail, unless approval of shortened notice is granted by the Court. There is currently a hearing scheduled before this Court on the Debtors' January 6, 2005 motion to appoint David Austern to bring any and all avoidance actions in this matter on behalf of the estate (the "Debtor's Motion", Docket No. 1918).  By way of the Motion to Authorize, Movants seek the Court's authorization to commence and prosecute an avoidance action on behalf of the Debtor.  Movants respectfully suggest that there is a substantial overlap of issues between the Motion to Authorize and Debtor's Motion; so in the interests of equity and judicial economy, both motions should be considered by the Court at the same time.

3.  Should the relief sought in the Debtor's Motion be granted prior to consideration of the Motion to Authorize, and David Austern is appointed as the party to bring "any and all" avoidance actions in this case, the Movants may, as a practical matter, be prejudiced. However, no prejudice will result from both motions being heard at the same time.

4.  Furthermore, the deadline to bring avoidance action is February 17, 2005. The January 27, 2005 hearing date proposed by the Debtor's Motion will provide sufficient time for the Court's consideration of both motions, and for the commencement of any avoidance actions, if such relief is granted by the Court, prior to the deadline.

Dated: January 14, 2005

/s/ Christopher D. Loizides
Christopher Loizides (Del. Bar No. 3968)
LOIZIDES & ASSOCIATES
Legal Arts Building
1225 King Street, Suite 800
Wilmington, Delaware 19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0248
E-mail:    Loizides@loizides.com

Joseph D. Pope
(admitted *pro hac vice*)
COHEN POPE PLLC
1633 Broadway, 20th Floor
New York, New York 10019
(212) 319-7757

*Attorneys for Creditors William Airgood, Anthony DeFabbo and Eric Travers*