IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**COMBUSTION ENGINEERING, INC,**<br><br>　　　　Debtor. | Chapter 11<br><br>Case No. 03-10495 (JKF)<br>Doc. Ref. No. 1918 |
| **VICTOR TRINCHESE,**<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>**COMBUSTION ENGINEERING, INC., HASBROUCK HAYNES, JR. CPA as Regular Trustee of the CE Settlement Trust dated November 22, 2002, WILMINGTON TRUST COMPANY, a Delaware Banking Corporation, as the Delaware Trustee of the CE Settlement Trust dated November 22, 2002, JOSEPH F. RICE, Claimant Representative, THE CE SETTLEMENT TRUST dated November 22, 2002, and JOHN AND JANE DOES Nos. 1-75,000 (being unknown persons and/or entities to whom payment was made from the Trust and those unknown persons and entities for whose benefit such payments were made within ninety (90) days prior to Debtor's bankruptcy petition),**<br><br>　　　　Defendants. | Adversary No. 03-50995<br><br><br><br><br><br><br><br>Doc Ref. 67<br><br><br><br><br><br>Hearing Date: January 27, 2005, 1:00 p.m.<br><br>Response Deadline: January 18, 2005 |

**REPLY AND CROSS-MOTION OF FRANCESCA TRINCHESE, AS SUCCESSOR-IN-INTEREST TO VICTOR TRINCHESE, TO PLAN PROPONENTS' MOTION TO APPOINT DAVID AUSTERN AS PARTY IN INTEREST AUTHORIZED TO PURSUE <u>AVOIDANCE ACTIONS ON BEHALF OF THE BANKRUPTCY ESTATE</u>**

1125167v3

-2-

Francesca Trinchese, successor-in-interest to Victor Trinchese, deceased, hereby replies in limited opposition to the Plan Proponents'[1] Motion to Appoint David Austern as Party in Interest Authorized to Pursue Avoidance Actions on Behalf of the Bankruptcy Estate (the Motion) and states the following:

1. On February 27, 2003, Victor Trinchese, an individual with cancer caused by exposure to CE asbestos, commenced this adversary proceeding by filing a Complaint for Injunctive Relief to Prevent Disbursements From the CE Settlement Trust (the "Complaint"). For a full description of the facts of this matter, please see the Complaint, which Plaintiff hereby incorporates by reference.

2. Mr. Trinchese died last year following a long and brave fight with mesothelioma. Mr. Trinchese was an advocate for the rights of cancer claimants in asbestos bankruptcy cases generally. Mr. Trinchese commenced this action to protect and preserve assets so that they would be fairly distributed to the asbestos creditors, present and future, of this estate. Mr. Trinchese's estate desires to continue prosecution of this case and Francesca Trinchese has, contemporaneously with the filing of this Response, filed a Declaration Pursuant to California Code of Civil Procedure 377.32 substituting herself as successor-in-interest to Victor Trinchese.

3. This Court has found that Mr. Trinchese has standing to bring this action on the estate's behalf. In its March 7, 2003 Memorandum and Order, entered in this adversary proceeding (the "Trinchese Adversary"), this Court stated,

> Mr. Trinchese, therefore, is a creditor of this estate and has standing to appear before the court and raise certain issues -- at least those concerning what assets constitute property of the estate and whether certain funds are subject to turn over to the estate.

---

[1] Although the motion is brought on behalf of the "Plan Proponents," the Glossary to the Plan defines the term "Plan Proponent" solely as Combustion Engineering, the Debtor.

-2-

1125167v3

>Thus, the Complaint filed by Victor Trinchese will not be dismissed on grounds of lack of standing.

Memorandum and Order, 3/7/2003, at p. 5.  For those same reasons Mr. Trinchese's successor-in-interest has standing to prosecute the Trinchese Adversary.

4. The creation and funding of the Combustion Engineering Settlement Trust (the "CEST") was central to the pre-packaged Plan of Reorganization proposed by the Debtor.  As originally filed, the Plan provided releases to the CEST, all recipients of payments from the CEST, and the Trustees of the CEST.

5. Victor Trinchese filed the Complaint commencing the Trinchese Adversary to recover those transfers, among other reasons, as avoidable preferences and/or fraudulent conveyances for the benefit of the Debtor's estate at a time when the Debtor had clearly stated its intention not to do so, expressly providing a release of the avoidance actions in its Plan.  In fact, the Debtor opposed the temporary restraining order sought by Plaintiff to prevent distribution of the CEST transfers.

6. Later, the Official Committee of Asbestos Claimants (the "Committee") also opposed the removal of the releases for the benefit of the CEST, its participants and its Trustees from the Plan.

7. Since the Trinchese Adversary was commenced, no party has previously sought to join in or assist its prosecution.

8. In addition to the CEST-related causes of action filed by Mr. Trinchese, Mr. Trinchese was aware of potential causes of action against ABB, Inc. ("US ABB"), the Debtor's immediate parent, and ABB Ltd., the Debtor's ultimate Swiss parent.  In fact, FTI, one of the

advisors hired by the FCR, identified causes of action against US ABB, the Debtor's immediate parent, in the range of $500 million. In addition, it has been suggested that ABB Ltd. may have various liabilities associated with the Debtor's asbestos liability, including under a theory of piercing the corporate veil.

9. Both at that time and continuing to today, no other avoidance actions for the benefit of the estate have been commenced as of this date.

10. Thus, at the time that Victor Trinchese filed the Trinchese Adversary, it appeared that a number of viable and sizeable avoidance actions would go to waste. To prevent the Debtor's squandering of potentially large recoveries, Mr. Trinchese commenced the Trinchese Adversary, seeking leave to step into the estate's shoes to pursue all avoidance actions.

11. Mr. Trinchese provided an important – indeed a crucial -- service to the estate by championing and seeking to preserve causes of action that would otherwise have been lost.

12. On December 2, 2004, the United States Court of Appeals for the Third Circuit stated, "Based on the record, we believe the pre-petition payments to the CE Settlement Trust may constitute voidable preferences." Opinion at p. 113.

13. Following the decision of the Court of Appeals, the Debtor seeks to have Mr. Austern appointed as the estate's representative to pursue all avoidance actions available to the estate.

14. For ease of discussion, Plaintiff will divide the recovery actions available to the Debtor's estate into three general categories: (1) the Trinchese Adversary seeking to avoid CEST-related transfers; (2) other allegedly avoidable transfers made within the preference period; and (3) all other recovery claims, including those against US ABB and ABB Ltd.

15. Despite Mr. Austern's prior contradictory testimony concerning recovery of the transfers to the CEST and its transferees, Francesca Trinchese consents to the FCR *joining* in the Complaint as a party plaintiff.

16. There is no reason for the FCR to replace Francesca Trinchese as the plaintiff in this action. It was Mr. Trinchese's effort that preserved and enhanced the ability to recover the monies paid to the CEST once the CEST transferred them to creditors. Mr. Trinchese was also a member of the CCC and in that capacity further preserved these assets by seeking to have the releases in favor of the CEST participants and trustees included in the original Plan removed. He does not have a history of complacency as do other parties in this case with the two-trust structure that permitted and in fact caused claimants to be treated in a disparate fashion.

17. Contrary to the factual allegations of the Motion, Plaintiff has no conflict with any party against which it is aware that an avoidance action may be brought, including the Kazan McClain law firm.[2]

18. Mr. Trinchese's estate has the identical interests that the Debtor attributes to the future claimants' representative to recover and ensure that all claimants may benefit from the CEST-related payments.

19. Moreover, as acknowledged by the Debtor, case law expressly recognizes the right of an individual creditor to prosecute claims on behalf of an estate where neither the Debtor nor the Committee would prosecute an action. *See The Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 563-66, 569-71 (3d Cir. 2003). *See also In re McKeesport Steel Castings Co.*, 799 F. 2d 91, 93-94 (3d Cir. 1986) (individual creditor

---

[2] Any conflict that Montgomery, McCracken, Walker & Rhoads, LLP has in bringing other causes of action against the estate does not create a conflict for Francesca Trinchese to pursue such actions.

had derivative standing to pursue a claim under Section 506(c) where neither the debtor nor the creditors' committee would bring the action); *In re Valley Media, Inc.*, No. 01-11353, 2004 WL 21956410 at *2 (Bankr. D. Del. August 14, 2004) (discussing the procedures that bankruptcy courts should follow in permitting creditors to have derivative standing); *In re Leramie Assocs., Ltd.*, No. 95-19102, 1996 WL 549984, at *2 (Bankr. E.D.Pa. June 20, 1996) (citing with approval cases in which creditors have been permitted to prosecute avoidance and similar claims on behalf of the estate).

20. By contrast, the Debtor does not cite and Plaintiff has been unable to locate any reported decision in which a future claimants' representative has been authorized to maintain actions derivatively on behalf of an estate. The absence of case law on this authority is of significant concern given the importance of the Trinchese Adversary to this estate, and in fact to the reorganization itself.

21. Case law supports the appointment of a representative to bring causes of action under the facts present here. Neither the Debtor nor the Committee will prosecute the Trinchese Adversary. Mr. Trinchese's estate is the proper and appropriate plaintiff to prosecute the action that Mr. Trinchese commenced.

22. Turning to the first of the three types of estate actions, the Trinchese Adversary, the FCR has agreed that, if appointed, he will join in the Complaint and that he and Francesca Trinchese as the successor-in-interest to Mr. Trinchese's estate will jointly prosecute the adversary action. By appointing both the FCR and Francesca Trinchese, as the successor-in-interest to Victor Trinchese, deceased, as plaintiffs, this Court may address both the standing concerns that may exist with respect to whether a future claimants' representative may act in this

1125167v3

capacity and do equity in assuring that the party that identified, brought and preserved the action is the party most likely to best prosecute the action for the estate's benefit.[3]

23. As to the second identified category of action, the "other" preference actions, Plaintiff withdraws any request to be appointed as the estate's representative for such purpose. While Plaintiff doubts whether any such actions have substantive merit, Plaintiff leaves the decision whether to expend estate funds in pursuing such actions to others.

24. As regards the third category of claims, because Mr. Trinchese's objective in seeking authority to bring all avoidance actions of the estate was based on the absence of another party that would preserve and pursue such actions, in light of the Debtor's motion, Plaintiff will withdraw the request to be appointed *generally* as the estate's representative *provided that* another party with acknowledged standing and with fiduciary responsibilities to the estate is appointed by this Court to preserve and prosecute, if appropriate, any such actions. Plaintiff respectfully proposes that the Official Committee be appointed as the estate's representative. Upon information and belief, the Committee has no conflicts with respect to such actions and has expressed its desire or willingness to serve as the estate's representative for such actions. Mr. Trinchese neither opposes nor supports Mr. Austern's appointment as a co-plaintiff in these actions.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order jointly appointing and authorizing David Austern as Future Claimants' Representative and Francesca

---

[3] Plaintiff notes the Motion filed by William Airgood, Anthony DeFabbo and Eric Travers seeking authority to bring the Trinchese Adversary. To Plaintiff's knowledge, these individuals have filed no pleadings heretofore in this case and appear to be unaware of the pendency of the Trinchese Adversary as well as misinformed concerning the recipients of the CEST payments. Contrary to their motion, they are not "the only persons with standing to seek return to the estate of the unlawfully transferred funds who will vigorously prosecute an avoidance action." ¶ 30. They will cause undue delay and expense because of their unfamiliarity with this case and the cause of action. Mr. Trinchese's estate is better informed, better suited and has a demonstrated commitment to this action.

1125167v3

-8-

Trinchese, as Victor Trinchese's successor-in-interest, as representatives of the Debtor's estate for purposes of prosecuting the Trinchese Adversary.

                                                      MONTGOMERY, MCCRACKEN,
                                                        WALKER & RHOADS, LLP

Dated: January 18, 2005                    By:   /s/ Noel C. Burnham
                                                    Noel C. Burnham (3483)
                                                    Natalie D. Ramsey (PA only)
                                                    300 Delaware Avenue, Suite 750
                                                    Wilmington, DE  19801
                                                     (302) 504-7800
Of Counsel:                                  (302) 504-7820 (facsimile)

Elizabeth Wall Magner                    and
1100 Poydras Street
Suite 1806, Energy Centre                123 South Broad Street
New Orleans, LA  70163-1806       Philadelphia, PA  19109
(504) 599-8650                              (215) 772-1500
(504) 599-8660 (facsimile)             (215) 772-7620 (facsimile)

                                                     and

                                                  Dean A. Hanley
                                                  Paul, Hanley & Harley, LLP
                                                  1608 Fourth Street, Suite 300
                                                  Berkley, CA  94710
                                                  (510) 559-9980
                                                  (510) 599-99670 (facsimile)

                                                  Attorneys for Francesca Trinchese,
                                                  Successor – In – Interest to Victor
                                                  Trinchese, deceased party