IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMBUSTION ENGINEERING, INC., | ) | Case No. 03-10495 (JKF) |
| | ) | |
| Debtor. | ) | Rel. Doc. No. 1924 |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
OBJECTION TO MOTION OF CREDITORS WILLIAM AIRGOOD,
ANTHONY DEFABBO AND ERIC TRAVERS FOR AN ORDER
AUTHORIZING THEM TO COMMENCE AND PROSECUTE
<u>AN AVOIDANCE ACTION ON BEHALF OF THE DEBTOR</u>**

The Official Committee of Unsecured Creditors (the "Committee") of Combustion Engineering, Inc. (the "Debtor"), by its attorneys, objects to the Motion of Creditors William Airgood, Anthony DeFabbo and Eric Travers for an Order Authorizing Them to Commence and Prosecute an Avoidance Action on Behalf of the Debtor (the "Airgood Motion"), and states:

1. The law in the Third Circuit is abundantly clear that creditors' committees may be granted derivative standing to pursue causes of action belonging to a trustee or debtor-in-possession. *Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 480 (3rd Cir. 2003) (*en banc*). This authority has been expanded by the lower courts to allow individual creditors, in appropriate circumstances, to pursue avoidance actions. *See, e.g., Infinity Investors Ltd. v. Kingsborough*, 316 B.R. 141, 145 (D. Del. 2004).

2. However, in establishing the guidelines for such grants of derivative authority, the Third Circuit made equally clear that the Bankruptcy Court must replace the Trustee or debtor-in-possession in acting as a gatekeeper with respect to the parties that will be granted standing and the claims they will be allowed to pursue. *See Cybergenics*, 330 F.3d at 568-69, 575. This gatekeeping function is necessary to prevent the chaos that would ensue if derivative standing were automatically available to every party in interest without court approval. *Id.* Explicit and

implicit in the Third Circuit's *Cybergenics* opinion is that derivative standing must be granted with great care by the Bankruptcy Court. *Id.* at 575.

3. In this case, Messrs. Airgood, DeFabbo and Travers (the "Pope Claimants") do not identify any compelling basis for their substitution for Mr. Austern or Mrs. Trinchese, as successor to Mr. Trinchese, as plaintiff in avoidance actions against the CE Settlement Trust, the Debtor's asbestos claimants and their attorneys. Therefore, to grant derivative standing to the Pope Claimants would not fulfill any of the salutary objectives set forth by the Third Circuit as the basis for granting derivative standing.

4. The complaint the Pope Claimants seek authority to file is no different than the complaint filed by Mr. Trinchese at the beginning of the Debtor's bankruptcy case. In order to justify their request for derivative standing to file a near duplicate of the Trinchese complaint, the Pope Claimants rely on the Debtor's allegation that Trinchese suffers from "a debilitating conflict of interest." *See* Airgood Motion at ¶ 40. This allegation, of course, is not well founded. The basis of the purported conflict of interest is Trinchese's alleged conflict in pursuing the law firm of Kazan, McClain, Abrams, Fernandez, Lyons & Ferrise ("Kazan McClain"). According to the Debtor and the Pope Claimants, Kazan McClain is a possible defendant to the Debtor's avoidance actions and, therefore, Trinchese has a conflict of interest. However, the Pope Claimants and the Debtor never really set forth a straightforward explanation of the purported conflict, and to the extent a conflict is implied, Trinchese has specifically addressed this argument at ¶¶ 16-18 of the Reply and Cross-Motion of Francesca Trinchese, as Successor-in-Interest to Victor Trinchese, to Plan Proponents' Motion to Appoint David Austern as Party in Interest Authorized to Pursue Avoidance Actions on Behalf of the Bankruptcy Estate, which was

filed on January 18, 2005.  Therefore, there is no reason to allow the Pope Claimants to replace or duplicate the Trinchese complaint.

5.      The Pope Claimants' argument with respect to Mr. Austern is equally unpersuasive.  The Pope Claimants merely allege that because Mr. Austern supported a plan of reorganization that would have released certain avoidance actions, he is unqualified to pursue those actions now that the order confirming that plan has been remanded.  The conclusion fails to follow from the premise.  Mr. Austern's support for release of avoidance actions does not demonstrate that he is unqualified to prosecute those avoidance actions when a release is not allowed.  Support for a failed position does not disqualify a party from taking contrary positions as an outcome of the failure.  While the law of judicial estoppel might prevent Mr. Austern from pursuing these actions if to do so were contrary to a successful argument he had advanced, there is no legal or practical basis for the Pope Claimants' reverse argument.  If the avoidance actions must be prosecuted or at least preserved in order to promulgate a confirmable plan, Mr. Austern's previous positions in this case in no way disqualify him from pursuing those causes of action.  In contrast to the Pope Claimants, Mr. Austern's background in this case and familiarity with the parties render him far better qualified than the Pope Claimants to receive derivative standing.

- 4 -

WHEREFORE, the Official Committee of Unsecured Creditors of Combustion Engineering, Inc. respectfully requests that the Court deny the Airgood Motion and grant such further relief as the Court deems just.

>  Respectfully submitted,
>
>  THE OFFICIAL COMMITTEE
>  OF UNSECURED CREDITORS OF
>  COMBUSTION ENGINEERING, INC.
>
>
>  By:    /S/ Kathleen Campbell
>              One of its attorneys

Frances Gecker (Illinois ARDC #6198450)
Joseph D. Frank (Illinois ARDC #6216085)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, Illinois  60602
Telephone:    (312) 269-8000
Facsimile:    (312) 269-1747

      and

Marla R. Eskin (No. 2989)
Kathleen Campbell (No. 4229)
CAMPBELL & LEVINE, LLC
800 North King Street, Suite 300
Wilmington, Delaware  19801
Telephone:    (302) 426-1900
Facsimile:    (302) 426-9947
Dated: January 20, 2005