IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------X
                                                    )
In re:                                              )    CHAPTER 11
    Combustion Engineering, Inc.,                )    Case No. 03-10495 (JKF)
                                                    )
                                                    )    Hearing Date: January 27, 2005, 1:00 p.m.
        Debtor.                                 )
                                                    )    Re: Docket No. 1926
----------------------------------------------------X
    VICTOR TRINCHESE,                             )
                                                    )
        Plaintiffs,                             )
                                                    )
        v.                                      )
                                                    )
COMBUSTION ENGINEERING, INC.,                       )
HASBROUCK HAYNES, JR. CPA as                        )    Adv. No. 03-50995
Regular Trustee of the CE Settlement                )
Trust dated November 22, 2002,                      )
WILMINGTON TRUST COMPANY, a                         )
Delaware Banking Corporation, as the                )
Delaware Trustee of the CE Settlement               )
Trust dated November 22, 2002, JOSEPH               )
F. RICE, Claimant Representative, THE               )    Re: Adv. Docket No. 70
CE SETTLEMENT TRUST dated                           )
November 22, 2002, and JOHN AND JANE                )
DOES Nos. 1-75,000 (being unknown                   )
Persons and/or entities to whom payment             )
was made from the Trust and those                   )
unknown persons and entities for whose              )
benefit such payments were made within              )
ninety (90) days prior to Debtor's                  )
bankruptcy petition),                               )
                                                    )
        Defendants.                             )
----------------------------------------------------X

**OBJECTION OF UNSECURED CREDITORS
WILLIAM AIRGOOD, ANTHONY DeFABBO,
AND ERIC TRAVERS TO CROSS-MOTION OF
FRANCESCA TRINCHESE, AS SUCCESSOR-IN-INTEREST
TO VICTOR TRANCHESE, TO PLAN PROPONENTS' MOTION
TO APPOINT DAVID AUSTERN TO PURSUE AVOIDANCE ACTIONS**

William Airgood, Anthony DeFabbo, and Eric Travers ("Movants"), creditors with unliquidated asbestos personal injury claims against the debtor in the above-captioned case, respectfully object to the Cross-Motion Of Francesca Trinchese, As Successor-In-Interest To Victor Trinchese, To Plan Proponents' Motion To Appoint David Austern To Pursue Avoidance Actions. In support of this Objection (the "Objection"), the Movants respectfully represent as follows:

## PRELIMINARY STATEMENT

1. Artificially dividing the voidable preferences in this action into three "categories," Francesca Trinchese (i) has cross-moved for an order authorizing her to puruse *one* category of claim jointly with the futures representative ("Austern" or the "FCR", and (ii) proposes that the Official Committee of Asbestos Creditors (the "Committee") pursue *one other* category, thereby leaving no one to prosecute what Trinchese has denominated as the third "category" of voidable preference. *See* Trinchese Cross-Motion, Dkt. 1926, ¶¶ 14, 23.

2. Trinchese's cross-motion should be denied. First, she cannot vigorously pursue any avoidance claims in this case because her counsel, Montgomery, McCracken, Walker & Rhoads, LLP ("Montgomery"), represents Kazan, McClain, Edises, Simen & Abrams ("Kazan Firm"). The Kazan Firm was the recipient of more than $4,000,000 of preferential payments. *See* Plan Proponents' Motion to Appoint David Austern ("Plan Proponents' Motion"), Dkt. 1918, ¶¶ 4, 21, 25. As a result, if Trinchese's cross-motion were granted, Montgomery would be in the conflicted position of acting, derivatively, *for the Debtor* in pursuit of one "category" of avoidance claim

while simultaneously *opposing the Debtor* in avoidance claims against the Kazan Firm. *See* Trinchese Cross-Motion, Dkt. 1926, ¶ 23.[1]

  3. There are additional reasons why Trinchese's cross-motion should be denied. For nearly two years, Trinchese has made little (if any) effort to pursue avoidance claims on behalf of the Debtor. Indeed, Trinchese's current "cross-motion" was filed only after Airgood, DeFabbo and Travers sought leave to prosecute an avoidance action. Docket No. 1924. Also, although Trinchese suggests that she act jointly with Austern in pursuing avoidance claims, she acknowledges "Austern's prior contradictory testimony," in which he *opposed* pursuit of avoidance actions. Finally, as noted above, Trinchese has conceded that there is at least one "category" of avoidance claim that she will not pursue. *See* Trinchese Cross-Motion, Dkt. 1926, ¶¶ 15, 23.

  4. Trinchese's "proposal" that the Committee pursue one category of avoidance claims should be rejected. The Committee has conceded that various avoidance claims "could result in allegations of conflict of interest against the Committee and its members." Committee Objection, Dkt. 1929, at 2. Again, allowing the Debtor to be represented *by* the Committee conflicts with the acknowledged claims that the Debtor has *against* the Committee members.

  5. The proposal regarding the Committee should also be rejected because the Committee seeks to pursue avoidance claims jointly with Austern, whose opposition to such claims is a matter of record. *See* Committee Objection, Docket No. 1929, at 3, 6. Moreover, like Trinchese, the Committee never sought to prosecute

---

  1. This conflict is heightened by the fact that Montgomery also at one time acted as counsel for the Committee, whose constituent creditors are represented by lawyers and law firms that received preferential transfers. *See* Docket Entries 95, 96, 107.

3

avoidance claims until Messrs. Airgood, DeFabbo and Travers applied to this Court for leave.

6. Trinchese is simply wrong when she writes that Messrs. Airgood, DeFabbo and Travers (hereafter collectively referred to simply as "Airgood") are unaware of the "pendency of the Trinchese Adversary" and are "unfamiliar with this case and the cause of action." Trinchese Cross-Motion, Dkt. 1926, ¶¶ 22 n.3. Counsel for Airgood specifically referred to the "Trinchese" adversary proceeding in the motion for leave to proceed with an avoidance action and previously had attempted to contact Trinchese's counsel, to no avail. Airgood Motion, Dkt. 1924, ¶¶ 15-18. Moreover, after the Third Circuit ruled on December 2, 2004, Airgood was the only person who demanded that the Debtor commence an avoidance action and is the only creditor to have filed a motion with this Court seeking authorization to proceed with such an action.

7. Trinchese is also wrong when she writes that Airgood is "misinformed concerning the recipients of the CEST [CE Collateral Trust] payments." Trinchese Cross-Motion, Dkt. No. 1926, ¶¶ 22 n.3. First, Airgood's proposed avoidance action seeks restoration of *all* preferential payments, whether they were made through the CE Trust or directly by the Debtor. While Trinchese claims that Airgood cannot identify *all* the recipients of those transfers, she overlooks her own admitted lack of information: her proposed adversary proceeding does not identify any of the lawyers or law firms (other than Mr. Rice) that received preferential payments, and instead names as defendants "JOHN AND JANE DOES Nos. 1-75,000 (being unknown persons and/or entities to whom payment was made from the [CE Collateral] Trust . . . )." Airgood's proposed avoidance action names several of the most prominent recipients of the

4

preferential transfers. Airgood Motion, Dkt. 1924, ¶ 4. In any event, discovery from the Debtor and the trustee of the CE Collateral Trust will readily and easily identify those who received preferential payments.

8. Airgood *is* the only person with standing *and* the ability to prosecute vigorously. In this regard, it is notable that unlike Airgood, Trinchese has never filed with this or any other court a motion for an order authorizing her (or her predecessor) to pursue avoidance claims on the Debtor's behalf. And, as discussed above, Trinchese has for nearly two years taken no steps to prosecute the "Trinchese Adversary." (Indeed, when the issue of Trinchese's suitability was last before this Court, *in early 2003,* the Court ruled that it "cannot go so far as to state that it could or would authorize" Trinchese to proceed. March 7 Order in Adv. No. 03-50995 (JKF), Adv. Docket No. 25 p. 11).

9. In sum, Trinchese has offered no explanation why someone hobbled by conflicts of interest and a history of inaction should be authorized to pursue an avoidance claim, under a scheme that involves the joint efforts of others (Austern and the Committee) who are similarly conflicted and unmotivated. And the requested authorization makes no provision for the prosecution of some of the avoidance claims. It is difficult to see the Trinchese cross-motion as anything more than an effort to perpetuate the form of "governance" that led to the very transfers which the Third Circuit so emphatically condemned in this case.

WHEREFORE, this Court should deny Trinchese's cross-motion.

Dated: January 20, 2004
Wilmington Delaware

                                                  Christopher D. Loizides (No. 3968)
                                                  LOIZIDES & ASSOCIATES
                                                  1225 King Street, Suite 800
                                                  Wilmington, DE 19801
                                                  Telephone:  (302) 654-0248
                                                  Facsimile:   (302) 654-0728
                                                  E-mail:      loizides@loizides.com

                                                  - and -

                                                  Joseph D. Pope, Esquire
                                                  Nicole Tuman, Esquire
                                                  COHEN POPE PLLC
                                                  10 East 53rd Street, 35th Floor
                                                  New York, New York 10022
                                                  Telephone:  (212) 319-7757
                                                  Facsimile:   (646) 435-0690
                                                  E-mail:      jpope@cohenpope.com

                                                  Attorneys for William Airgood, Anthony
                                                  DeFabbo and Eric Travers