IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------X
                                                  :
In re:                                            :    CHAPTER 11
        Combustion Engineering, Inc.,             :    Case No. 0-10495 (JKF)
                                                  :
        Debtor.                                   :
                                                  :    Re: Docket No. 1941
--------------------------------------------------X
```

**OBJECTION OF UNSECURED CREDITORS WILLIAM AIRGOOD, ANTHONY DeFABBO, AND ERIC TRAVERS OBJECTION TO PLAN PROPONENTS' MOTION FOR LEAVE TO FILE "OMNIBUS" REPLY**

William Airgood, Anthony DeFabbo, and Eric Travers ("Movants"), creditors with unliquidated asbestos personal injury claims against the debtor in the above-captioned case, respectfully object Plan Proponents' Motion For Leave To File "Omnibus" Reply. In support of this Objection (the "Objection"), the Movants respectfully represent as follows:

**PRELIMINARY STATEMENT**

1. The "Plan Proponents" still have not identified themselves, so it is impossible for this Court to determine the interests they represent and whether they have conflicts of interest with Austern, whom they propose as the advocate for all avoidance actions. Moreover, in the absence of a specific identification of the Plan Proponents, none of their submissions should be entertained by the Court. Bankruptcy Rule 7017; Rule 17, Fed. R. Civ. P.

2. The Omnibus Reply simply fails to address Austern's numerous conflicts and history of inaction. Not only has he gone on record opposing avoidance claims and contending that they were not in the best interests of the future claimants, to whom he owes a fiduciary duty, he approved a plan that gratuitously released one of the principal beneficiaries of the preferential transfers, Joseph Rice (the "Claimants' Representative") from any liability in connection with the transfers. CE Proposed Plan § 11.7.1.2.

3. The unidentified Plan Proponents' standing arguments are incorrect. Each of Messrs. Airgood, DeFabbo and Travers (collectively, "Airgood") had claims against Combustion Engineering pending in the tort system before this bankruptcy case was commenced. None of those claims has been dismissed or discharged.

4. The Plan Proponents mischaracterize the scope of the proceedings Airgood intends to prosecute. With this Court's authorization, Airgood will file an adversary complaint(s) seeking to avoid all pre-petition transfers made by Combustion Engineering, whether made directly or indirectly (through the CE Settlement Trust), that come within the ambit of 11 U.S.C. § 547. The Airgood adversary complaint(s) will also seek avoidance of various, unauthorized post-petition transfers which were made either directly by Combustion Engineering or through the CE Settlement Trust.

5. The Airgood adversary action(s) will also prosecute, or obtain tolling agreements, for claims under state law preference and fraudulent transfer statutes arising from transfers of assets and other things of value made by Combustion Engineering during a period that includes the past five years. See Confirmation Hearing Exhibit CCC-32. These were among the claims that Austern testified would be detrimental to the interests of the future claimants.

Dated: January 24, 2005

/s/ Christopher D. Loizides
Christopher D. Loizides (Del. Bar No. 3968)
LOIZIDES & ASSOCIATES
Legal Arts Building
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:	(302) 654-0248
Facsimile:	(302) 654-0728
E-mail:	Loizides@loizides.com

-and-

Joseph D. Pope, Esq.
Nicole Tuman, Esq.
COHEN POPE PLLC
1633 Broadway
New York, New York  10019
Telephone:     (212) 319-7757

*Attorneys for Creditors William Airgood,*
*Anthony DeFabbo and Eric Travers*