IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| COMBUSTION ENGINEERING, INC., | ) | |
| | ) | Case No. 03-10495 (JKF) |
| Debtor. | ) | |

| | | |
|---|---|---|
| | ) | |
| VICTOR TRINCHESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 03-50995 (JKF) |
| | ) | |
| COMBUSTION ENGINEERING, | ) | |
| INC., HASBROUCK HAYNES, JR. CPA | ) | |
| as Regular Trustee of the CE Settlement | ) | |
| Trust dated November 22, 2002, | ) | **Related Adv. Docket Nos. 67, 70** |
| WILMINGTON TRUST COMPANY, a | ) | **and 73** |
| Delaware Banking Corporation, as the | ) | |
| Delaware Trustee of the CE Settlement | ) | **Related Bankr. Docket Nos. 1918,** |
| Trust dated November 22, 2002, JOSEPH | ) | **1926, 1928, 1929 and 1941** |
| F. RICE, Claimant Representative, THE | ) | |
| CE SETTLEMENT TRUST | ) | |
| dated November 22, 2002, and JOHN AND | ) | **January 27, 2005 Agenda Matter** |
| JANE DOES Nos. 1-75,000 (being | ) | **No. 1** |
| unknown persons and/or entities to whom | ) | |
| payment was made from the Trust and | ) | |
| those unknown persons and entities for | ) | |
| whose benefit such payments were made | ) | |
| within ninety (90) days prior to Debtor's | ) | |
| bankruptcy petition), | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER APPOINTING REPRESENTATIVES TO PURSUE
AVOIDANCE ACTIONS ON BEHALF OF THE BANKRUPTCY ESTATE**

Upon consideration of the Plan Proponents' Motion to Appoint David Austern as

Party in Interest Authorized to Pursue Avoidance Actions on Behalf of the Bankruptcy

338857 –v2

Estate (Case No. 03-10495, Docket No. 1918, Adv. No. 03-50995, Docket No. 67),[1] together with the Reply and Cross-Motion of Francesca Trinchese, as Successor-In-Interest to Victor Trinchese, to Plan Proponent's Motion for Appoint David Austern as Party in Interest Authorized to Pursue Avoidance Actions on Behalf of the Estate (Case No. 03-10495, Docket No. 1926, Adv. No. 03-50995, Docket No. 70), the Objection of Unsecured Creditors William Airgood, Anthony DeFabbo, and Eric Travers to Plan Proponents' Motion to Appoint David Austern as Party in Interest to Pursue Avoidance Actions on Behalf of the Bankruptcy Estate (Case No. 03-10495, Docket No. 1928), the Official Committee of Unsecured Creditors' Limited Objection to the Appointment of David Austern as Estate Representative to Pursue Avoidance Actions and Request for Further Relief (Case No. 03-10495, Docket No. 1929, Adv. No. 03-50995, Docket No. 73), and the Plan Proponents' Omnibus Reply and Opposition to Pleadings Filed in Response to Motion to Appoint Austern (Case No. 03-10495, Docket No. 1941), after notice and a hearing and due deliberation by the Court, and for the reasons set forth on the record during the hearing held in this matter on January 27, 2005, and pursuant to 11 U.S.C. §§ 105, 503, 1104, and 1109 and this Court's inherent equitable authority, it is hereby

     ORDERED that, effective as of January 27, 2005, Mr. Austern is authorized to act as, and shall be added as, a party plaintiff in the matter of <u>Trinchese v. Combustion Engineering, Inc. et al.</u>, Adv. No. 03-50995 (the "Trinchese Adversary Proceeding") as a representative of the Bankruptcy Estate, subject to further Order of Court; and it is further

---

[1] Capitalized terms utilized herein without definition shall have the meaning ascribed to them in the Motion.

ORDERED that the Court reserves judgment with respect to Ms. Trinchese's Cross-Motion requesting that she (and the prior Motion by Victor Trinchese requesting that he) be allowed to serve as the official representative of the Bankruptcy Estate in the Trinchese Adversary Proceeding; and it is further

ORDERED that, based upon its offer to provide Ms. Trinchese with information necessary to amend her complaint, on or before February 1, 2005, Asea Brown Boveri Inc. and/or its successors ("US ABB") shall provide to counsel for Ms. Trinchese the names and addresses of all persons who received funds from the CE Settlement Trust; and it is further

ORDERED that, on or before February 8, 2005, Ms. Trinchese and/or Mr. Austern shall file one or more amended complaint(s) in the Trinchese Adversary Proceeding, which shall identify all known defendants, by name, based upon the information provided by US ABB; and it is further

ORDERED that, following the filing of an amended complaint in accordance with the preceding decretal paragraph, the Trinchese Adversary Proceeding shall be stayed pending further Order of Court, and no summonses shall be issued or served in connection therewith. During the pendency of the stay, the 120-day period for service of the summons and complaint established by Fed. R. Bankr. P. 7004 shall be tolled and shall not commence running until the stay is lifted; and it is further

ORDERED that, effective as of January 27, 2005, Mr. Austern is appointed, subject to further Order of Court, to represent the Bankruptcy Estate in connection with the institution of proceedings to recover any potentially avoidable transfers made by the Debtor within the 90 days prior to the Petition Date to (i) persons

asserting asbestos claims against the Debtor, whose claims were not paid by the CE Settlement Trust, or (ii) their counsel (collectively, the "Non-CE Settlement Trust Claims"); and it is further

ORDERED that, on or before February 1, 2005, Mr. Austern shall file a complaint seeking to avoid the Non-CE Settlement Trust Claims of individuals who asserted asbestos-related personal injuries, together with any preliminary procedural motions (the "Procedural Motions") he may deem necessary, including a motion for certification of a defendant class; and it is further

ORDERED that any Procedural Motions filed by Mr. Austern shall be heard on February 10, 2005 at 10 a.m. (E.T.) in Courtroom A, USX Tower, 54th Floor, 600 Grant Street, Pittsburgh, PA; and it is further

ORDERED that any objections to the Procedural Motions shall be filed and served on or before February 8, 2005 at noon (E.T.); and it is further

ORDERED that, on or before February 15, 2005, Mr. Austern shall file any complaints seeking to avoid Non-CE Settlement Trust Claims as to which no Procedural Motions are required to be heard prior to February 16, 2005; and it is further

ORDERED that, excepting the Procedural Motions, all adversary proceedings commenced by Mr. Austern with respect to Non-CE Settlement Trust Claims shall be stayed immediately upon filing pending further Order of Court, and no summonses shall be issued or served in connection therewith. During the pendency of the stay, the 120-day period for service of the summons and complaint established by Fed. R. Bankr. P. 7004 shall be tolled and shall not commence running until the stay is lifted; and it is further

ORDERED that, effective as of January 27, 2005, Mr. Austern and the Official Committee of Unsecured Creditors (the "Committee") are appointed, subject to further Order of Court, to investigate, and, if appropriate, pursue, on behalf of the Bankruptcy Estate, any claims for avoidance of transfers made by the Debtor during the 90 days prior to the Petition Date and that are not already the subject of the Trinchese Adversary Proceeding and do not qualify as Non-CE Settlement Trust Claims (collectively, the "Trade Claims"); and it is further

ORDERED that if Mr. Austern and the Committee decide to file any actions seeking to avoid payments made with respect to Trade Claims, their complaint(s) shall be filed on or before February 15, 2005; and it is further

ORDERED that, to the extent any adversary proceedings are instituted with respect to Trade Claims, they shall be stayed immediately upon filing pending further Order of Court, and no summonses shall be issued or served in connection therewith. During the pendency of the stay, the 120-day period for service of the summons and complaint established by Fed. R. Bankr. P. 7004 shall be tolled and shall not commence running until the stay is lifted; and it is further

ORDERED that, effective as of January 27, 2005, Mr. Austern and the Committee are appointed, subject to further Order of Court, to represent the Bankruptcy Estate in connection with the investigation of any potential causes of action that might be brought by the Bankruptcy Estate against (i) Alstom or any affiliate of Alstom (collectively, the "Alstom Entities"), or (ii) ABB Ltd. or any affiliate thereof, including, without limitation, US ABB (collectively, the "ABB Entities"); and it is further

ORDERED that Mr. Austern and the Committee shall seek to negotiate agreements with the ABB Entities and the Alstom Entities tolling the statute of limitations with respect to any potential causes of action that might be brought by the Bankruptcy Estate, and shall file with the Court any such tolling agreement reached with the ABB Entities on or before February 1, 2005, and shall file with the Court any such tolling agreement reached with the Alstom Entities on or before February 8, 2005; and it is further

ORDERED that, in the event that the ABB Entities and/or the Alstom Entities do not execute satisfactory tolling agreements, Mr. Austern and the Committee are authorized to file, on or before February 15, 2005, one or more complaints against the ABB Entities and/or the Alstom Entities seeking to avoid any preferences, fraudulent transfers or other avoidable transfers, or to otherwise recover assets or damages for the benefit of the Bankruptcy Estate, whether arising under sections 544, 547, 548, 549 or 550 of the Bankruptcy Code, or under any similar provision of any state's laws or otherwise; and it is further

ORDERED that, in the event a complaint is filed against the ABB Entities and/or the Alstom Entities, the adversary proceeding commenced by such complaint shall be stayed immediately upon filing, pending further Order of Court, and no summonses shall be issued or served in connection therewith. During the pendency of the stay, the 120-day period for service of the summons and complaint established by Fed. R. Bankr. P. 7004 shall be tolled and shall not commence running until the stay is lifted; and it is further

- 7 -

ORDERED that a status conference will be held on April 5, 2005 at 2:00 p.m. in Courtroom A, USX Tower, 54th Floor, 600 Grant Street, Pittsburgh, PA with respect to the Trinchese Adversary Proceeding, as well as any adversary proceedings instituted with respect to Non-CE Settlement Claims, Trade Claims or claims against the ABB Entities and/or the Alstom Entities; and it is further

ORDERED that the Debtor shall be prepared to deliver an oral report regarding the status of plan negotiations at the April 5, 2005 status conference; and it is further

ORDERED that this Court shall retain jurisdiction to enforce, implement, modify, and/or interpret the provisions of this Order in all respects.

Dated: 2/10/05

*[signature]*
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge