IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>COMBUSTION ENGINEERING, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 03-10495 (JKF) |
| PRE-PETITION COMMITTEE OF SELECT ASBESTOS CLAIMANTS and VICTOR TRINCHESE,<br><br>        Plaintiffs,<br><br>        v.<br><br>COMBUSTION ENGINEERING, INC., HASBROUCK HAYNES, JR., CPA as Regular Trustee of the CE Settlement Trust dated November 22, 2002, WILMINGTON TRUST COMPANY, a Delaware Banking Corporation, as the Delaware Trustee of the CE Settlement Trust dated November 22, 2002, JOSEPH F. RICE, Claimant Representative, THE CE SETTLEMENT TRUST dated November 22, 2002, and JOHN AND JANE DOES Nos. 1-75,000 (being unkown persons and/or entities to whom payment was made from the Trust and those unknown persons and entities for whose benefit such payments were made within ninety (90) days prior to Debtor's bankruptcy petition),<br><br>        Defendants. | Adversary No. 03-50995 |

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion constitutes the court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

Before the court is the motion of the plaintiffs, Pre-petition Committee of Select Asbestos Claimants (SAC) and Victor

1

Trinchese, for a Temporary Restraining Order (TRO). Plaintiffs seek to enjoin distributions from the CE Settlement Trust on grounds that one of the defendants, Hasbrouck Haynes, Jr., Regular Trustee of that trust, is actually a custodian required to turn over the trust assets to the bankruptcy estate of Combustion Engineering, Inc., (Debtor) under §543 of the Bankruptcy Code; that the trust corpus is property of the estate subject to turnover under §542 of the Bankruptcy Code; and that the transfers to the trust that established the corpus and from the trust to its beneficiaries or their agents were preferential transfers subject to avoidance under §547 and §548 of the Bankruptcy Code. The defendants object to entry of the TRO, asserting that the SAC has no standing to commence the action, that the plaintiffs have not met the strict standards entitling them to this extraordinary relief, that Haynes is not a custodian, that the trust corpus is not property of the estate subject to turn over, and that the transfers were not preferential. The defendants also note that not all persons with an interest in the trust corpus were served with notice of this motion and request that relief be denied on that basis.

The bankruptcy case was filed on February 17, 2003. Debtor filed the case as a voluntary chapter 11 after receiving information that an involuntary would be commenced against it, in whole or in part to preserve the 90-day presumption of insolvency

period for preferential transfers. An involuntary action would have created certain issues that Debtor wished to avoid, and it elected to proceed in a voluntary case. The filing occurred only a few days before the voting deadline was set to expire on a prepackaged plan of reorganization that Debtor put together pre-petition, primarily to deal with its asbestos liabilities. On about November 22, 2002, Debtor funded the CE Settlement Trust, which was authorized to pay certain claims against Debtor for asbestos-related injury. Distributions have begun. Plaintiffs wish to enjoin future distributions.

**Standing**

The defendants request dismissal of the Adversary action, or in the alternative, dismissal of the Adversary commenced by the SAC for lack of standing to request a TRO or any other form of relief.

The self-styled "Pre-petition Committee of Select Asbestos Claimants" acknowledged in court during the hearing on the TRO that it is not, in fact, an official committee, does not hold claims against or interests in the estate, and is not a group of creditors. Rather, it is a group of approximately 17 law firms specializing in representing asbestos plaintiffs who have contracted cancers, allegedly from their exposure to asbestos. The SAC has not filed a Bankruptcy Rule 2019 statement indicating

what it is or who it represents. The court interprets the information presented during the hearing to mean that the SAC cannot file a Rule 2019 statement because it does not, per se, represent any creditors. Rather, the law firms which comprise the SAC have clients (as yet largely unidentified on this record) with interests perceived to be similar to the interests of clients (also largely unidentified) of other law firms in the SAC. This type of arrangement, while expedient for the participants, does not satisfy the prudential standing requirements of federal jurisprudence. *See* Federal Rule of Bankruptcy Procedure 7017 ("Every action shall be prosecuted in the name of the real party in interest.")

Thus, the Complaint filed by the Pre-petition Committee of Select Asbestos Claimants will be dismissed with prejudice, on grounds of lack of standing and the court will not address the other defenses raised to the SAC's participation as a plaintiff in this Adversary action.

The issue does not end there, however. Victor Trinchese is also a named plaintiff. The parties agree that Mr. Trinchese is an individual who has contracted a fatal disease caused by his exposure to asbestos and who, pre-petition, settled his claim against Debtor for $45,000. Although the parties agreed upon an amount to be paid to Mr. Trinchese, the claim has not been satisfied. Mr. Trinchese, therefore, is a creditor of this

estate and has standing to appear before the court and raise certain issues - at least those concerning what assets constitute property of the estate and whether certain funds are subject to turn over to the estate.

Thus, the Complaint filed by Victor Trinchese will not be dismissed on grounds of lack of standing.

**Notice**

Rule 7065 of the Federal Rules of Bankruptcy Procedure indicates that a TRO cannot be granted without notice to the adverse party or that party's attorney unless certain conditions are satisfied, among them a certification to the court, in writing, of the efforts made provide notice and the reasons why notice should not be required.  In this Adversary, the trustee of the CE Settlement Trust has been named and served as a defendant. The TRO requests an order prohibiting the trustee from making further distributions to the beneficiaries of the trust - all of whom are individuals with asbestos related illnesses who have settled their claims against the Debtor and agreed to a reduced payment from the trust.  Not all of the individuals have been named or served.  At the hearing, counsel for the plaintiff argued that service on all individuals is nearly impossible since the plaintiff does not know the identity of all the individuals and that he has sued Jane Does and John Does in their stead.  The

court has not located an affidavit or a writing with this explanation. However, inasmuch as the court will not grant the motion for a TRO, the omission of a written certification is of no effect.

**The burden of proof**

The parties argue the same standards for granting relief but disagree as to the outcome when those standards are applied to this case. The Court of Appeals for the Third Circuit, in addressing preliminary injunctive relief, stated that it is an "extraordinary remedy, which should be granted only in limited circumstances." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989). To obtain a preliminary injunction, the moving party must show a reasonable probability of success on the merits and irreparable injury if the relief is not granted. *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982).

If the applicant prevails, then the court must consider whether the potential harm to the applicant in denying the relief is outweighed by the potential for harm to the opponent and determine that injunctive relief is in the public interest. *South Camden Citizens in Action v. N.J. Dept. of Env. Prot.*, 274 F.2d 771, 777 (3d Cir. 2001).

For the reasons which follow, the court finds that the

6

plaintiff has not met the standards for issuance of a TRO but will issue an order addressing disbursal of trust funds, pending plan confirmation or further order.

**Property of the estate and CE Settlement Regular Trustee Haynes as Custodian**

Prior to the commencement of the bankruptcy but within the preference period, Debtor transferred to the CE Settlement Trust certain assets consisting of over $100,000 through a promissory note owed by its parent and which has allegedly been paid and converted into cash and an assignment of a note in favor of Debtor by the parent in the amount of $402 million, with a balance payable of $300 million. The proceeds of the trust are to be used to pay asbestos claimants. The trust document establishes that the transfer of legal title to the trustee was irrevocable and Debtor retained no beneficial interest in the proceeds under the terms of the trust agreement, §2.6. Moreover, equitable title lies with the beneficiaries who settled their claims are entitled to payment from the trust. Unless and until the conveyance is avoided and recovered for the benefit of the estate, it appears from the trust document that the trust proceeds are not estate property, the corpus having been irrevocably conveyed to the trust pre-petition. To the extent Debtor has any interest in the trust corpus, the interest would

be restricted under §541(d) and could be used only as directed by the trust terms.

*A fortiori*, if the assets conveyed to the trust are not estate property, then Haynes is not a custodian required to turn over that same property to the bankruptcy estate under §543. He is not in possession of estate property.

Thus, it is not likely that Mr. Trinchese will succeed on the merits of the litigation concerning whether the trust corpus is property of the estate or whether Mr. Haynes is a custodian subject to turning over property to the estate.

**Preference and Fraudulent Conveyance Avoidance Actions**

The initial hearing on this request for a TRO was without production of evidence. On the understandably scant record before the court, plaintiff has not shown a basic element of preference litigation, and one that is necessary to succeed on the merits: i.e., that the beneficiaries of the CE Settlement Trust will receive more through the distributions they obtain from the trust than they would get if the case were liquidated in Chapter 7, the transfer had not been made, and the creditor received payment of the debt to the extent provided by the Bankruptcy Code. 11 U.S.C. §547(a)(5).

The liabilities of the estate in chapter 7 would include the present asbestos claims (approximately 195,000 of them, of

which 145,000 have elected to be part of the CE Settlement Trust process with additional claimants requesting to be added to the trust) but not the future claims which would be contingent, unliquidated, disputed and disallowed. There are miscellaneous other creditors and one environmental liability that may be as much as $100 million. The total liabilities Debtor would have to address in a chapter 7, as estimated by counsel to Debtor's parent,[1] would approximate $760,000.

The assets conveyed to the CE Settlement Trust have a present, non-discounted value of approximately $400 million. There are additional assets of the bankruptcy estate that will be liquidated and paid to creditors through a plan. The total assets that would be available through the chapter 7, as estimated by counsel to Debtor's parent would total $800 million.

Based upon these estimates it is theoretically possible, all things being equal and without factoring in the delays in liquidation of assets, the cost and delays attendant on claims and other litigation, chapter 7 administrative fees, etc., that the Debtor could pay a 100% dividend to all of its creditors. The CE Settlement Trust will not pay any of its beneficiaries 100 cents on the dollar, although it provides for three levels of distributions, ranging from a high of 95 cents to a low of 37.5

---

[1] Debtor's counsel, Mr. Brendel, joined in the argument of Mr. Bernick, counsel to Asea Brown Boveri, Inc., which is Debtor's parent.

cents on the dollar. Of course,

Thus, the record before the court does not establish a reasonable likelihood of success on the merits in that plaintiff has not shown that §547(a)(5) is likely to be established such that a TRO should issue. The court makes no inferences as to what ruling may result after evidence adduced at a preliminary injunction hearing or trial on the Complaint.

Further, the Complaint filed in this Adversary itself states in paragraphs 101, 102 and 103 (concerning alleged fraudulent conveyances) that discovery is needed to demonstrate certain elements necessary to avoiding transfers under §548. Plaintiff has not met a threshold showing that Debtor received less than reasonably equivalent value in exchange for the transfers to the CE Settlement Trust or "made with the actual intent to hinder, delay or defraud non-settling current asbestos personal injury creditors of [Debtor] and future asbestos personal injury creditors of [debtor]." Complaint, paragraph 101.

The parties do not dispute that all of the law firms that comprise the SAC and several hundred other law firms that represent asbestos personal injury plaintiffs with claims against Debtor were aware of the negotiation and inception of the trust and provided an opportunity to have their clients participate in it.

An additional issue must be addressed. The bankruptcy

community in this Circuit awaits the decision of the Court of Appeals on the reargument *en banc* in *Cybergenics* with great anticipation. Whether the court can authorize a committee to use the estate's avoidance powers is a matter of great significance to bankruptcy lawyers and judges. Regardless of the outcome, however, this court is asked to go one step beyond *Cybergenics* and is asked to predict that either the SAC (which has been determined not to have standing to appear and be heard on its own behalf) or an individual creditor, Mr. Trinchese, will be permitted to exercise avoidance powers *in lieu* of the Debtor. At this time, while there is such uncertainty in this Circuit as to whether even an official committee can be granted such powers, this court cannot go so far as to state that it could or would authorize either the SAC or an individual creditor to do so. Moreover, this case is less than one month old. Although Debtor concedes that if its plan of reorganization is confirmed, it will not bring avoidance actions, it also asserts that if the plan is not confirmed, it has done nothing to waive its initial right to commence them. Also at this time, an official committee of unsecured creditors has not yet been formed and the court is without the benefit of the views of an official committee as to the viability or economic wisdom of commencing avoidance

actions.[2]  Thus, assertion that the transfers in question are avoidable preferences begs the initial question of whether avoidance actions will be brought by the Debtor or another approved entity when the time arises and the effort by an individual creditor to assume the role of the Debtor is, at best, premature.

The motion suggests that in lieu of the plaintiff's commencing avoidance actions, a chapter 11 trustee should be appointed to pursue them.  That request is preserved for consideration when the issues can be more fully litigated.

**Immediate and Irreparable Harm**

Despite the fact that the plaintiff has not shown a likelihood of success on the merits at this stage of the proceedings, there is indication that immediate and irreparable harm may result if some relief is not entered regarding distributions out of the CE Settlement Trust.  Once the trustee pays funds to the law firms and/or the injured asbestos victims, the ability to recover those funds if the transfers are avoided becomes more difficult.  Nonetheless, having failed to satisfy the standards for a TRO, plaintiff will not receive that relief.  However, the court will issue an order requiring the CE

---

[2]  If the plan is confirmed as proposed, avoidance actions will be waived and none will be commenced by any party in interest.

Settlement Regular Trustee and all lawyers and law firms who make a distribution of trust proceeds or assets to provide written notice to the person or entity receiving the distribution that the distribution is contested and subject to disgorgement in the event the court finds the transfer(s) to have been avoidable.

**The balance of harm and the public interest**

The plaintiff having failed to satisfy the initial burden of a likelihood of success on the merits, the court need not examine the balance of harm or the public interest at this time.

For these reasons, the motion for Temporary Restraining Order will be denied. An appropriate Order will be entered.

*[signature: Judith K Fitzgerald]*

**Judith K. Fitzgerald**

**U.S. Bankruptcy Judge**

cc:  David M. Bernick, Equire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Neil R. Brendel, Esquire
Kirkpatrick & Lockhart, LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

Noel C. Burnham, Esquire
Natalie D. Ramsey, Esquire
Stephen A. Madva, Esquire
Baldo M. Carnecchia, Jr., Esquire
Montgomery, McCracken, Walker
& Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801

and

123 South Broad Street
Philadelphia, PA 19109

Sander L. Esserman, Esquire
Robert T. Brousseau, Esquire
Stutzman, Bromberg, Esserman
& Plifka, a Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689

Brett D. Fallon, Esquire
222 Delaware Avenue, 10th Floor
Post Office Box 2306
Wilmington, DE 19899

Roger Frankl, Esquire
Richard H. Wyron, Esquire
Matthew W. Cheney, Esquire
Swidler Berlin Shereff Friedman
The Washington Harbour
3000 K Street, N.W., Suite 300
Washington, D.C.  20007

Theodore L. Freedman, Esquire
Kirkland & Ellis
Citigroup Center
153 East 53rd Street
New York, NY 10022-4675

Dean A. Hanley, Esquire
Paul, Hanley & Harley, LLP
1608 Fourth Street, Suite 300
Berkeley, CA 94701

Daniel K. Hogan, Esquire
1701 Shallcross Avenue, Suite C
Wilmington, DE 19806

Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young
& Jones, P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899

Elizabeth Wall Magner, Esquire
1100 Poydras Street
Suite 1806, Energy Centre
New Orleans, LS 70163-1806

Jeffrey N. Rich, Esquire
Kirkpatrick & Lockhart, LP
599 Lexington Avenue
New York, NY 10022-6030

Robert B. Rubin, Esquire
Wilson F. Green, Esquire
Derek F. Meek, Esquire
Burr & Forman LLP
420 North Twentieth Street, Suite 3100
Birmingham, AL 35203

United States Trustee
844 King Street, Room 2313
Wilmington, DE 19801

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>COMBUSTION ENGINEERING, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 03-10495 (JKF) |
| PRE-PETITION COMMITTEE OF SELECT ASBESTOS CLAIMANTS and VICTOR TRINCHESE,<br><br>        Plaintiffs,<br><br>        v.<br><br>COMBUSTION ENGINEERING, INC., HASBROUCK HAYNES, JR., CPA as Regular Trustee of the CE Settlement Trust dated November 22, 2002, WILMINGTON TRUST COMPANY, a Delaware Banking Corporation, as the Delaware Trustee of the CE Settlement Trust dated November 22, 2002, JOSEPH F. RICE, Claimant Representative, THE CE SETTLEMENT TRUST dated November 22, 2002, and JOHN AND JANE DOES Nos. 1-75,000 (being unkown persons and/or entities to whom payment was made from the Trust and those unknown persons and entities for whose benefit such payments were made within ninety (90) days prior to Debtor's bankruptcy petition),<br><br>        Defendants. | Adversary No. 03-50995 |

ORDER


AND NOW, THIS 7TH OF MARCH, 2003, FOR THE REASONS EXPRESSED IN THE FOREGOING MEMORANDUM OPINION, IT IS ORDERED THAT THE MOTION FOR TEMPORARY RESTRAINING ORDER IS **DENIED**.

HOWEVER, THE COURT FINDING THAT NOTICE TO PERSONS AND ENTITIES

1

WHO MAY RECEIVE DISTRIBUTIONS UNDER THE PLAN OF THE POSSIBILITY THAT THEY MAY BE REQUIRED TO RETURN THE PAYMENT TO THE ESTATE IS REQUIRED IN THE INTEREST OF JUSTICE,

IT IS FURTHER ORDERED THAT HASBROUCK HAYNES, JR., CE SETTLEMENT REGULAR TRUSTEE AND ALL LAWYERS AND LAW FIRMS WHO MAKE A DISTRIBUTION OF TRUST PROCEEDS OR ASSETS SHALL PROVIDE WRITTEN NOTICE TO THE PERSON OR ENTITY RECEIVING THE DISTRIBUTION THAT THE DISTRIBUTION IS CONTESTED AND SUBJECT TO DISGORGEMENT IN THE EVENT THE COURT FINDS THE TRANSFER(S) TO HAVE BEEN AVOIDABLE.

IT IS FURTHER ORDERED THAT THE COMPLAINT FILED BY THE PRE-PETITION COMMITTEE OF SELECT ASBESTOS CLAIMANTS IS DISMISSED WITH PREJUDICE.

A PRETRIAL CONFERENCE HAS BEEN SET BY PRIOR ORDER ON THE COMPLAINT FILED BY VICTOR TRINCHESE.

*Judith K. Fitzgerald*
Judith K. Fitzgerald

U.S. Bankruptcy Judge

cc: David M. Bernick, Equire
    Kirkland & Ellis
    200 East Randolph Drive
    Chicago, IL 60601

    Neil R. Brendel, Esquire
    Kirkpatrick & Lockhart, LLP
    Henry W. Oliver Building
    535 Smithfield Street
    Pittsburgh, PA 15222

    Noel C. Burnham, Esquire
    Natalie D. Ramsey, Esquire
    Stephen A. Madva, Esquire
    Baldo M. Carnecchia, Jr., Esquire
    Montgomery, McCracken, Walker

2

& Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801

and

123 South Broad Street
Philadelphia, PA 19109

Sander L. Esserman, Esquire
Robert T. Brousseau, Esquire
Stutzman, Bromberg, Esserman
& Plifka, a Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689

Brett D. Fallon, Esquire
222 Delaware Avenue, 10th Floor
Post Office Box 2306
Wilmington, DE 19899

Roger Frankl, Esquire
Richard H. Wyron, Esquire
Matthew W. Cheney, Esquire
Swidler Berlin Shereff Friedman
The Washington Harbour
3000 K Street, N.W., Suite 300
Washington, D.C.  20007

Theodore L. Freedman, Esquire
Kirkland & Ellis
Citigroup Center
153 East 53rd Street
New York, NY 10022-4675

Dean A. Hanley, Esquire
Paul, Hanley & Harley, LLP
1608 Fourth Street, Suite 300
Berkeley, CA 94701

Daniel K. Hogan, Esquire
1701 Shallcross Avenue, Suite C
Wilmington, DE 19806

Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young
& Jones, P.C.
919 North Market Street, 16th Floor

P.O. Box 8705
Wilmington, DE 19899

Elizabeth Wall Magner, Esquire
1100 Poydras Street
Suite 1806, Energy Centre
New Orleans, LS 70163-1806

Jeffrey N. Rich, Esquire
Kirkpatrick & Lockhart, LP
599 Lexington Avenue
New York, NY 10022-6030

Robert B. Rubin, Esquire
Wilson F. Green, Esquire
Derek F. Meek, Esquire
Burr & Forman LLP
420 North Twentieth Street, Suite 3100
Birmingham, AL 35203

United States Trustee
844 King Street, Room 2313
Wilmington, DE 19801