**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Combustion Engineering, Inc., | ) | Case No. 03- 10495 (JKF) |
|  | ) |  |
| Debtor. | ) | **Related Docket No. 22; March 17, 2003** |
|  |  | **Hearing Agenda Item no.10** |

*Interim*

## ORDER APPOINTING FUTURE CLAIMANTS' REPRESENTATIVE

Upon consideration of the motion dated February 17, 2003 (the "Motion")[1] of the

above-captioned debtor and debtor in possession (the "Debtor"), pursuant to sections 105,

524(g)(4)(B)(i) and 1109(b) of Title 11 of the United States Code, 11 U.S.C. §§ 1-1 *et. seq.* (the

"Bankruptcy Code"), for the appointment of David T. Austern as the legal representative for

future claimants (the "Future Claimants' Representative"), *nunc pro tunc* to February 17, 2003,

and the Declaration of David T. Austern (the "Austern Declaration") filed in support of the

Motion; and the Court having determined that the relief requested in the Motion is in the best

interest of the Debtor, its estate, creditors and other parties-in-interest; and upon the record in

this chapter 11 case; and after due deliberation thereon; and good cause appearing therefore; it is

hereby

**FOUND THAT:**

I.      Notice of the Motion was good and sufficient under the particular circumstances

and no other or further notice is or shall be required;

II.      Good and sufficient cause exists for the appointment of a Future Claimants'

Representative for future claimants; and

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the
Motion.

III.     The relief requested in the Motion is appropriate pursuant to section

524(g)(4)(B)(i) of the Bankruptcy Code; it is

**ORDERED THAT:**

1.     The Motion is GRANTED in its entirety, *on an interim basis.*

2.     David Austern is hereby appointed as the Future Claimants'

Representative, *nunc pro tunc* to the Petition Date, for any and all persons described in section

524(g)(4)(B)(i) of the Bankruptcy Code who may assert Demands, within the meaning of 11

U.S.C. § 524(g)(5), against the Debtor.

3.     The Future Claimants' Representative shall have standing under section

1109(b) of the Bankruptcy Code to be heard as a party-in-interest in all matters relating to the

Debtor's chapter 11 case, and shall have the powers and duties of a committee under section

1103 of the Bankruptcy Code as are appropriate for a Future Claimants' Representative.

4.     The Future Claimants' Representative shall be compensated in accordance

with the terms of the Austern Agreement, a copy of which is attached as Exhibit A to the Austern

Declaration, subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of this Court; provided,

however, that, notwithstanding any provisions of the Austern Agreement, any retainer provided

by the Debtor to the Future Claimants' Representative prior to the Petition Date shall not be

replenished after the Petition Date, and no additional retainer shall be provided to the Future

Claimants' Representative, absent further order of the Court.

5.     The Future Claimants' Representative may employ attorneys and other

professionals consistent with the sections 327 and 1103 of the Bankruptcy Code, subject to prior

approval of this Court and pursuant to the terms of the Austern Agreement, a copy of which is

attached as Exhibit A to the Austern Declaration.

6.     The Future Claimants' Representative shall not be liable for any damages,

or have any obligations other than as prescribed by orders of this Court; provided, however, that

the Future Claimants' Representative may be liable for damages caused by his gross negligence, fraud, or willful misconduct. The Future Claimants' Representative shall not be liable to any person as a result of any action or omission taken or made by the Future Claimants' Representative in good faith. The Debtor shall indemnify, defend and hold the Future Claimants' Representative harmless from all damages and costs (including reasonable attorneys' fees and other defense costs) as a result of any claims by any party against the Future Claimants' Representative arising out of or relating to the performance of his duties as Future Claimants' Representative, provided, however, that the Future Claimants' Representative shall not have such indemnification rights if a court of competent jurisdiction determines, pursuant to a final and non-appealable order, that the Future Claimants' Representative is liable upon such claim as the result of his own fraud, willful misconduct or gross negligence. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order and no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, the Future Claimants' Representative believes that he is entitled to payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under this Order, including, without limitation, the advancement of defense costs, the Future Claimants' Representative must file an application for such amounts in this Court, and the Debtor may not pay any such amounts to the Future Claimants' Representative before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by the Future Claimants' Representative for indemnification, contribution or reimbursement, and is not a limitation on the duration of the Debtor's obligation to indemnify the Future Claimants' Representative. In the event that a cause of action is asserted against the Future Claimants' Representative arising out of or relating to the performance of his duties as Future Claimants' Representative, the Future Claimants' Representative shall have the right to choose his own counsel.

3

7.    The Future Claimants' Representative and his counsel shall be entitled to receive all notices and pleadings which are served upon any official committee and its counsel pursuant to any and all orders entered in this chapter 11 case.

8.    This Court shall retain jurisdiction to interpret, enforce and implement the terms and provisions of the Order and to resolve any disputes arising hereunder.

9.    Nothing in this Order authorizes, approves or affects liability for transfers that are or may be avoidable under 11 U.S.C. §§ 544-550 inclusive.

10. Any objections to final approval of the Motion shall be filed with the Court and served upon

Dated: March 17, 2003

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

Debtor's* counsel by 4:00 p.m. on March 24, 2003. If no objection is filed and served, this Order shall become final without further notice or hearing. If an objection is timely filed and served, a hearing to consider final approval of the Motion shall be held on April 1, 2003 at 1:00 PM in Pittsburgh. Ms. Jones may arrange a telephonic or video conference.

15252-001\DOCS_DE:66764.1
7126563v1