IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>COMBUSTION ENGINEERING, INC.<br><br>        Debtor. | Chapter 11<br>Case No. 03-10495-JKF<br><br>Adv. No. 03-50995-JKF |
| WILLIAM AIRGOOD, et al.,<br><br>        Appellants,<br><br>v.<br><br>COMBUSTION ENGINEERING, INC.,<br>   et al.,<br><br>        Appellees. | Civil Action No. 1:05-cv-231 JEI |

**JOINT MOTION FOR STAY OF
FURTHER PROCEEDINGS ON APPEAL**

Appellee-Debtor Combustion Engineering, Inc., and Appellants William Airgood, et al., by and through their undersigned counsel, jointly move this Court to stay further proceedings in this appeal pending the filing and hearing on confirmation of the Appellee-Debtor's modified plan of reorganization. In support of this Motion, the moving parties respectfully represent to the Court as follows:

I.      **INTRODUCTION AND BACKGROUND**

1.      On February 17, 2003, the Debtor filed a petition under chapter 11 of title 11 of the United States Code § 101 *et seq.* (the "Bankruptcy Case"). On January 6, 2005, the Debtor filed a motion seeking the appointment of Mr. David Austern, the Future Claimants'

Representative in the Debtor's Bankruptcy Case, as a party in interest to bring any and all avoidance actions in the Bankruptcy Case on behalf of the Debtor's estate and to substitute Mr. Austern as the party plaintiff in *Trinchese v. Combustion Engineering, Inc., et al.*, Adv. No. 03-50995 (the "*Trinchese* Adversary Proceeding") prior to expiration of the deadline to bring such actions (the "Motion").

2. Appellants objected to the Motion on January 18, 2005. Appellants argued, among other things, that Mr. Austern could not objectively pursue the avoidance actions because he had conflicts of interest, and, therefore, Appellants should be appointed to pursue certain avoidance actions on behalf of the estate.

3. Ms. Francesca Trinchese, as successor in interest to Mr. Victor Trinchese, filed a limited objection to the Motion and a cross-motion. Mrs. Trinchese argued that, rather than replacing her, Mr. Austern should join her in prosecuting the *Trinchese* Adversary Proceeding. Mrs. Trinchese also proposed that the Official Committee of Unsecured Creditors (the "Committee") pursue claims against ABB Inc., the Debtor's immediate parent, and ABB Ltd the Debtor's ultimate parent (the "ABB Claims").[1]

4. The Committee also filed a limited objection to the Motion. In its objection, the Committee sought authority to pursue the ABB Claims. The Committee requested that they be permitted to prosecute these actions either jointly with Mr. Austern or instead of Mr. Austern.

---

[1] The Appellants also filed an objection to Mrs. Trinchese's cross-motion. They argued that like Mr. Austern, Mrs. Trinchese had conflicts of interest that prohibited her from objectively prosecuting certain avoidance actions.

5. After conducting hearings on January 27 and February 10, 2005, the Bankruptcy Court authorized Mr. Austern and the Committee to commence a series of avoidance actions. Pursuant to its Order entered on February 11, 2005, it then stayed those actions.

6. During the January 27 and February 10, 2005 hearings, the Bankruptcy Court noted that it appointed Mr. Austern and the Committee on an interim basis because of the impending expiration of the statute of limitations. The Bankruptcy Court also noted that it planned to appoint an independent third party to pursue such avoidance actions on behalf of the estate.

7. On April 5, 2005, the Appellee-Debtor informed the Bankruptcy Court that it had reached a settlement in principal with Mr. Austern and the Committee. This settlement will allow the Appellee-Debtor to file a modified plan which will resolve all pending avoidance actions including those set forth above. The Appellee-Debtor intends to file the modified plan on or before June 13, 2005. It then will request that the Bankruptcy Court schedule a hearing on confirmation of the modified plan at a date shortly following the completion of voting on the plan. Based upon the foregoing representations, the Bankruptcy Court continued to stay the Avoidance Actions.

8. Based upon the stay of the Avoidance Actions and, if confirmed, the modified plan's resolution of the those actions, the parties believe that a stay of all proceedings in this appeal for 150 days pending confirmation of the Appellee-Debtor's modified plan is appropriate. Although the parties believe that a stay of 150 days will be sufficient, it is possible that the parties might have to request that the stay be extended beyond 150 days to the extent necessary to accommodate the schedule of confirmation proceedings in the Bankruptcy Court.

DOCS_DE:107833.1

## II. PRAYER FOR RELIEF

WHEREFORE, the parties jointly request that this Court enter an Order: (i) granting the Motion; (ii) staying all proceedings in this appeal for an initial period of 150 days; and (iii) for such other and further relief as this Court deems just and proper.

Dated: May 6, 2005

Respectfully submitted,

KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
Jeffrey N. Rich (Bar No. JR 7183)
599 Lexington Ave.
New York, NY 10022
Telephone: (212) 536-4907

and

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

*/s/ Scotta E. McFarland*
Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
Curtis A. Hehn (Bar No. 4264)
919 N. Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400

*Counsel for Appellee Debtor and
Debtor-in-Possession*

LOIZIDES & ASSOCIATES

_____
Christopher D. Loizides (Del. Bar No. 3968)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728

and

Samantha L. Southall, Esq. (admitted *pro hac vice*)
COHEN POPE PLLC
1633 Broadway, 20th Floor
New York, NY 10019
Telephone: (212) 319-7757

*Counsel for Appellants William Airgood, et al.*