```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF DELAWARE


                                      )
In re:                                )
                                      )
COMBUSTION ENGINEERING, INC.          )
                                      )     HONORABLE JOSEPH E. IRENAS
              Debtor.                 )          CIVIL ACTION
                                      )         NO. 05-0231 (JEI)
                                      )     BANKRUPTCY NO. 03-10495 (JKF)
WILLIAM AIRGOOD, et al.               )     ADVERSARY NO. 03-50995 (JKF)
                                      )
              Appellants,             )       ORDER GRANTING 60-DAY
      v.                              )       STAY OF PROCEEDINGS
                                      )
COMBUSTION ENGINEERING, INC.,         )
et al.,                               )
                                      )
              Appellees.              )
                                      )
```

**Appearances:**
LOIZIDES & ASSOCIATES
By: Christopher D. Loizides, Esq.
1225 King Street, Suite 800
Wilmington, Delaware 19801

COHEN POPE PLLC
By: Samantha L. Southall, Esq.
1633 Broadway, 20th Floor
New York, New York 10019

   Counsel for Appellants.

KIRKPATRICK & LOCKHART LLP
NICHOLSON GRAHAM LLP
By: Jeffrey N. Rich, Esq.
599 Lexington Avenue
New York, New York 10022

PACHULSKI, STANG, ZIEHL, YOUNG, JOHNS & WEINTRAUB P.C.
By: Laura Davis Jones, Esq.
Scotta E. McFarland, Esq.
Curtis A. Hehn, Esq.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705

Counsel for Appellee-Debtor and Debtor-in-Possession.

**IRENAS**, Senior District Judge:[1]

This matter having appeared before the Court upon the joint motion of Appellants William Airgood, et al., and Appellee-Debtor Combustion Engineering, Inc., to stay further proceedings in this appeal pending the filing and hearing on confirmation of Combustion Engineering's modified plan of reorganization, the Court have reviewed the submissions of the parties, and it appearing that;

    1.   On February 17, 2003, Combustion Engineering filed a petition under Chapter 11 of 11 U.S.C. § 101 *et seq.* On January 6, 2005, Combustion Engineering filed a motion seeking the appointment of David Austern, the Future Claimants' Representative in the Chapter 11 proceedings, as a party in interest to bring any and all avoidance actions in the bankruptcy case on behalf of Combustion Engineering's estate and to substitute Mr. Austern as the party plaintiff in *Trinchese v. Combustion Engineering, Inc.,* Adv. No. 03-50995.

    2.   Appellants and various other parties objected to the motion. Appellants argued that they should be appointed to pursue certain avoidance actions on behalf of the estate, instead

---

[1] By Order on December 8, 2004, Chief Judge Anthony J. Scirica of the United States Court of the Appeals designated and assigned Judge Irenas to sit on the United States District Court for the District of Delaware in this matter.

of Mr. Austern. Francesca Trinchese, as successor in interest to Victor Trinchese, argued that Mr. Austern should join her in prosecuting the *Trinchese* adversary proceeding. She also proposed that the Official Committee of Unsecured Creditors ("the Committee") pursue claims against ABB Inc., Combustion Engineering's immediate parent, and ABB Ltd., the debtor's ultimate parent. The Committee also objected to Combustion Engineering's motion, and sought authority to pursue the claims against ABB Inc., and ABB Ltd., either jointly with Mr. Austern or instead of him.

3. The Bankruptcy Court appointed Mr. Austern and the Committee on an interim basis to pursue a series of avoidance actions, and entered an Order staying those actions on February 11, 2005. Appellants filed their appeal of these orders on April 21, 2005.

4. On April 5, 2005, Combustion Engineering informed the Bankruptcy Court that it had reached a settlement in principle with Mr. Austern and the Committee. The settlement allows Combustion Engineering to file a modified reorganization plan, which would resolve all pending avoidance actions. Combustion Engineering also informed the Bankruptcy Court that it intends to file the modified plan on or before June 13, 2005, when it will also request that the Court schedule a hearing on confirmation of the modified plan on a date shortly following the completion of

voting on the plan. Based on these representations, the Bankruptcy Court continued to stay the avoidance actions.

    5.   Appellants and Combustion Engineering now request that this Court stay all proceedings in the instant appeal for one hundred and fifty days pending confirmation of the modified plan.

Based upon the foregoing and for good cause shown,

    **IT IS** on this 16th day of May, 2005,

    **ORDERED THAT:**

    1.   The Joint Motion for a Stay is **GRANTED**.

    2.   Further proceedings in this appeal shall be **STAYED FOR SIXTY DAYS** from the date of filing of this Order. If a modified plan is filed within sixty days, the stay is to be automatically extended for one hundred and twenty days from the date of the filing of the modified plan.

s/ Joseph E. Irenas
JOSEPH E. IRENAS
Senior United States District Judge